BOUNTIFUL CITY, a Municipal Corporation, Appellant, v. D. C. LEE, CHARLES F. HOGAN, WILLIAM WINEGAR, WALLACE MUIR, HARRY MUIR, LEVI MUIR, JOSEPH C. WOOD and G. W. ROBERTS, Respondents.

### No. 1489.   (75 Pac. 368.)

**Municipal Corporations: Irrigation: Conveyance of Water Through City Streets: Flumes: Ordinances: Liability.**

A city ordinance provided that no one should convey water for irrigation across any street, except by covered flumes constructed to the satisfaction of the road supervisor, and imposed a penalty for any violation of the provision. The owners of water conveyed the same across a street of the city, but refused to convey it in a proper flume, though required to do so by notice of the road supervisor, and thereafter the city caused the road supervisor to construct a proper flume. *Held*, that the owners of the waters were not liable in an action by the city for the cost of the work, there being no liability either under the ordinance or on the facts.

(Decided February 4, 1904.)

Appeal from the Second District Court, Davis County.—
*Hon. H. H. Rolapp,* Judge.

Action to recover a certain sum of money under the facts as stated in the opinion. From a judgment in favor of the defendants, the plaintiff appealed.

AFFIRMED.

*D. O. Willey, Jr., Esq.,* and *Rollin W. Dole, Esq.,* for appellant.

*Messrs. Wilson & Smith* for respondents.

BASKIN, C. J.—The complaint in this case was filed on the twenty-fourth of December, 1902, and it is alleged therein: That Bountiful City was incorporated

and organized on the first day of January, A. D. 1893. That the South Branch of West Bountiful Mill Creek Water Ditch is an artificial irrigation ditch owned, operated, and maintained by these defendants, through and along which defendants convey water as hereinafter set forth; and the said ditch intersects and crosses said Fourth West street within the corporate limits of said city. That section 14 of an ordinance of Bountiful City, entitled "An ordinance in relation to streets and roads within the limits of Bountiful City," passed and approved the eleventh day of May, 1893, provides as follows: No person shall convey water for irrigation or other purpose, across any street or road, or sidewalk within the city limits, excepting by covered flumes, culverts, or piping across the whole width of such road, street or sidewalks; such fluming culverts or piping to be done to the satisfaction of the road supervisor. Any person violating this section shall be liable for all damages done said road, street or sidewalk by reason of such violation and also to a fine of not less than five nor more than fifty dollars."

That said ordinance is still in force and operative as the law of said city. The defendants, D. C. Lee, Chas. F. Hogan, William Winegar, Wallace Muir, Levi Muir, Harry Muir, and Joseph C. Wood, and each of them, and their predecessors in interest, and each of them, are, and at all times mentioned herein were, severally and separately the owners of farms and gardens and homes in Davis county, State of Utah, situate to the west of and outside the corporate limits of Bountiful City; and they and each of them, and their and each of their predecessors in interest, are, and for more than 30 years have been, the owners and users of a portion of the waters of said Mill Creek, and at all times mentioned herein have conveyed their portion of the waters of the said Mill creek along and through the said South Branch of the West Bountiful Mill Creek Water Ditch over and across said Fourth West street to their said farms, gardens, and homes. That the defendant G. W. Roberts is

and was on the twenty-third day of July, 1902, the duly appointed and acting agent and water master of the said South Branch of West Bountiful Mill Creek Water Ditch.    That at all times since the incorporation of said city, and since the passage of said ordinance, as set forth in paragraph 5 of this amended complaint, defendants have failed and refused to convey their said water across said Fourth West street by means of a covered flume, culvert, or piping, as provided by said ordinance, and have at all times failed and neglected, to keep said crossing in good repair.    That by reason of defendants' negligent failure to keep said crossing in good repair, and their negligent failure to properly flume their said water across said street, on or about the twenty-third day of July, 1902, the said street became dangerous and wholly unsafe for public travel, and said crossing became an obstruction to free travel along said steet.    That on or about the twenty-third day of July, 1902, the plaintiff caused the road supervisor of the said city to notify defendants of the dangerous and unsafe condition of said crossing, and to request defendants to construct a flume across said street, repair said crossing, and remove said obstruction.    That, notwithstanding said notice, defendants failed, refused, and neglected to construct said flume, repair said crossing, or remove said obstruction.    That thereafter, on or about the fifth day of August, 1902, plaintiff caused said road supervisor to construct a flume across said street at said crossing, and to make other necessary repairs to thereby remove said obstruction and render said street passable and safe for public travel.    That the cost of constructing said flume and making said repairs and removing said obstruction amounts in all to the sum of twenty-five dollars ($25).    That plaintiff has made demand upon defendants to pay the said sum, but defendants have failed and refused to pay the same or any part thereof.    That there is due and owing from defendants to this plaintiff the sum of twenty-five dollars ($25). Wherefore plaintiff demands judgment against defend-

ants for the sum of twenty-five dollars, and for costs of this action. The defendant interposed a general demurrer to this complaint, which was sustained, and the plaintiff having elected to rest, a judgment was entered dismissing the complaint.

The appellant contends that the complaint contains facts sufficient to constitute a cause of action, and that therefore the judgment is erroneous. It is clear that the recovery sought by plaintiff is not authorized by the provisions of the city ordinance set out in the complaint, and that the other alleged facts are not sufficient to constitute a cause of action.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.