BRUNSON v. EMERSON *et al.*

No. 1908.    Opinion Filed June 25, 1912.

(124 Pac. 979.)

1.    APPEAL AND ERROR—"Brief"—Nature and Requisites.    A "brief" is a written presentation of the questions involved in a forensic controversy and of the matters of fact and of law which demand investigation.    The primary object is to convey information to the court, and this cannot be done without clearly stating the manner in which the controverted points arise, the facts which constitute the groundwork of the legal dispute, and the governing propositions of law.

2.    SAME.    This court will not examine the record in search of prejudicial errors which are not clearly pointed out and insisted on in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this the point will not be considered as having been made, but counsel should support the same with argument and citation of authority where possible.

(Syllabus by Sharp, C.)

*Error from District Court, Le Flore County;*
*Malcolm E. Rosser, Judge.*

From an order appointing T. A. Emerson guardian of the person and estate of Mollie Brunson, she brings error.    Affirmed.

*J. E. London* and *John London,* for plaintiff in error.

*Pollan & Forrester,* for defendants in error.

Opinion by SHARP, C.    That part of the brief of counsel for plaintiff in error devoted supposedly to a discussion of the legal propositions, to which the attention of the court is invited, contains less than two pages.    The abstract or abridgment of the transcript, setting forth the material part of the pleadings, proceedings, and documents relied upon, complies with rule 25 of this court (20 Okla. xii, 95 Pac. viii) except that no references to the pages of the record are made.    The brief fails to contain the specifications of error complained of, separately set forth and numbered, and the argument and authorities in support of each point relied on.    At the outset counsel say:

"We are not going to burden the court with a long argument in this case, and we are astonished that the case must be heard here. All we care to call your attention to is the statutes of Oklahoma and of Arkansas."

What particular statutes, chapter, subject, paragraph, or section is not stated. Neither is any reason assigned by counsel, or known to the court, why any statute or rule of decision of Arkansas should be considered. No other citation of authorities is made. As stated, the brief contains neither specifications of error nor that which may be considered as a specification of error.

This court in *Ferguson et al. v. Union Nat. Bank,* 23 Okla. 37, 99 Pac. 641, had occasion to consider the question of what constituted a brief. It was there held that the primary object was to convey information to the court, and that this could not be done without clearly stating the manner in which the controverted points arose, the facts constituting the groundwork of the legal dispute, and the governing propositions of law. It was there said:

"It is not enough to assert in general terms that a ruling of the trial court is wrong; a fair effort must be made to prove that it is wrong, or the point will not be considered as having been made. Counsel cannot make a point in an appellate tribunal by a naked assertion, for such an assertion will not be heeded. * * * But, in order to secure so much as notice of the point stated, they must support it by a fair effort, adducing arguments, and, if they can, cite authorities. A bare designation of a ruling as erroneous, without discussion, is not sufficient to entitle counsel to successfully insist that he has made a point."

To consider and properly determine the various assignments of error contained in the petition in error would require much study and research. The questions are important, and it is not sufficient simply to invite the court to an examination of the statutes of two states. The congested condition of the docket of this court, and the rights of other litigants, and of the public, make it imperative that the rules of this court in this regard should be complied with. Merely to suggest that the court erred in the particular complained of does not answer the purpose of a brief. Judgments of trial courts cannot be thus lightly ·

overturned. Here plaintiff in error was unsuccessful in both the county and district courts, and asks this court to set aside these adverse judgments without either argument or citation of authorities, but upon the bare statement that, upon certain questions, the trial court erred. Every decision of this court constitutes a precedent, and great care and thoughtful consideration should be given in reaching all conclusions; in this the members of the bar have a duty to perform in rendering to the court every aid possible. Counsel for defendants in error have filed no brief, and we are not disposed to search the authorities in order to pass upon the errors suggested.

For the reasons stated, we do not think that the judgment of the court should be disturbed, but should, on the other hand, be affirmed.

By the Court: It is so ordered.