## CARR v. SEIGLER.

No. 5768.   Opinion Filed November 16, 1915.

(153 Pac. 141.)

1.   **PLEADING—Cause of Action—Defective Statement—Objection to Introduction of Evidence.**  There is a vast difference between a defective statement of a good cause of action and a statement of a defective cause of action; and where a defective statement of a good cause of action is first challenged by an objection to the introduction of evidence, the petition will be upheld, unless there is a total failure to allege in any way some matter essential to the relief sought.

2.   **APPEAL AND ERROR—Presentation for Review—Brief—Affirmance.**  Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail.

(Syllabus by Brett, C.)

*Error from County Court, Comanche County;*
*H. N. Whalin, Judge.*

Action by John Seigler, against Ira E. Carr. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. A. Diffendaffer* and *Johnson & Stevens,* for plaintiff in error.

*W. C. Henderson* and *John E. Thomas,* for defendant in error.

Opinion by BRETT, C. This action was brought in the county court of Comanche county by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover damages alleged to be due by reason of the cattle of plaintiff in error trespassing upon the defendant in error.

The plaintiff in error assigns a number of errors, but does not cite or quote a single authority in support of any of them. The first and most important assignment, however, goes to the sufficiency of the petition. The petition is defective, but no demurrer was filed against it, and its sufficiency was challenged for the first time by an objection to the introduction of evidence. This court has repeatedly held that such practice is not favored, and that, if by any reasonable construction the petition can be held to state a good cause of action, it will be upheld, when its sufficiency is first attacked by an objection to the introduction of evidence. There is a vast difference between a defective statement of a good cause of action and a statement of a defective cause of action; and in the case at bar we have only a defective statement of a good cause of action, and this class of petitions is beyond the reach of an objection to the introduction of evidence, unless there is a total failure to allege in any way some matter essential to the relief sought, or a total want of averment sufficient to sustain a verdict, should one be

rendered on evidence introduced under it. And such is not the condition of the petition under consideration. *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890; *First National Bank of Pond Creek v. Vernon Cochran,* 17 Okla. 538, 87 Pac. 855; *Mary E. Marshall et al. v. Mary Homier,* 13 Okla. 264, 75 Pac. 368.

Since the plaintiff in error has not supported any of his contentions by any authorities whatever, we shall not discuss them in detail, but only say we have examined them carefully in connection with the record, and find no prejudicial error, but think the trial resulted in substantial justice, and that the judgment should be affirmed.

By the Court: It is so ordered.