### SMITH v. BRITTON (CRISSWELL, Garnishee).

No. 28690.    April 11, 1939.

Rehearing Denied May 2, 1939.

Orr & Woodford, for plaintiff in error.

Pryor & Sandlin, for defendants in error.

CORN, J. The plaintiff in error, defendant below, appealed from an order of the district court of Hughes county sustaining the garnishment of funds in the hands of a guardian due and owing to the defendant for professional services rendered certain restricted Indian wards of said guardian. The plaintiff's judgment was for the sum of $1,000, and the amount garnished was $899, one-fourth of which was ordered paid into court to be applied on the judgment. The defendant sought an exemption of the entire amount by filing an affidavit that said funds were current earnings of the past 90 days and that the 25 per cent. ordered held was necessary for the support of his family.

The evidence shows that the defendant was the head of a family consisting of himself, his wife and one daughter, 19 years of age, who was a student in the State University. The evidence also shows that during the three months' period covered by the garnishment he earned and collected the sum of $2,460. The defendant made a liberal esti-

mate of his monthly expenditures at $1,964.-81, which included about $100 per month for keeping his daughter in school. The amount actually held by order of the court was $224.15.

The defendant further contends that funds in the hands of a guardian are not subject to garnishment, and especially where such funds are derived from an agency or instrumentality of the federal government. The authorities cited in support of this contention do not touch upon the particular question raised, and the contention is entirely without merit.

It is conceded that the sum of $899 due the debtor from the guardian was all current earnings for personal and professional services earned during the last 90 days preceding the order of garnishment.

The only question in this case, therefore, is whether it is shown that the sum of $224.-15 held under the order is necessary for the use of the debtor's family.

The general exemption statute, to wit, section 1642, O. S. 1931, subdivision 16, exempts "seventy-five per cent. of all current wages or earnings for personal or professional services earned during the last 90 days" to a debtor who is the head of a family. This exemption is subject to the provisions of section 498, O. S. 1931, which are as follows:

"The judge may order any property of the judgment debtor, not exempt by law, in the hands either of himself or any other person or corporation, or due to the judgment debtor to be applied toward the satisfaction of the judgment, and may enforce the same by proceedings for contempt, in case of refusal or disobedience; but the earnings of the debtor for his personal services, at any time within three months next preceding the order, cannot be so applied, when it is made to appear, by the debtor's affidavit or otherwise, that such earnings are necessary for the use of a family supported wholly or partly by his labor."

And section 499, O. S. 1931, provides for the filing of counter affidavits and for a hearing upon the issues of fact raised by such affidavits with reference to the necessitous circumstances of debtor's family relied upon to support total exemption of such wages or earnings.

The purpose of the additional exemption of current wages or earnings is to protect the debtor's family from privation and want, rather than to enable them to live in affluence and luxury. The facts must show the need of the additional exemption in order to supply the minimum requirements of a decent and wholesome livelihood.

From the facts shown at the hearing, there appears to be no reason or need for an additional exemption of debtor's earnings for the support of his family, and it was not an abuse of judicial discretion to order the application of the said sum of $224.15 of said current earnings of debtor toward the payment of the judgment.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and DAVISON and DANNER, JJ., concur.