REED v. UNITED STATES HOFFMAN MACH. CORP.

No. 31103. Dec. 14, 1943.

143 P. 2d 809.

W. H. Cooper, of Anadarko, for plaintiff in error.

Sam L. Wilhite, of Anadarko, for defendant in error.

PER CURIAM. This action was instituted on July 18, 1941, by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to replevin certain equipment and machinery which had been sold under a conditional sales contract. The property was seized under the writ of replevin and returned to the defendant upon the execution by him of a redelivery bond.

Plaintiff in its petition alleged, in substance, that the property involved had been sold and delivered to the defendant under a conditional sales contract dated November 19, 1939, whereunder defendant obligated himself to make 30 installment payments, and that through inadvertence the date on which the first installment should become due had been left out of the contract, but that the first installment became due on the 19th day of December, 1939, and that defendant had made default in the contract by failure to pay eight installments which had become due, and that plaintiff had thereupon elected to exercise the option given it under the contract to terminate the same and to reclaim its property. The defendant in his answer admitted the contract but denied that the first installment became due on December 19, 1939, and alleged the same did not become due until April 28, 1940. Defendant further alleged that in 1941 he had paid two past due installments, and at that time had an agreement with a representative of the plaintiff whereby upon payment of future installments former breaches in the contract would be waived and no action to repossess the property would be taken. Defendant further denied that he was in default under the contract. Reply of plaintiff was a general denial. Upon the issues so framed, trial was commenced to a

jury. The defendant assumed the burden of proof, and in support thereof testified, in substance, that he had an agreement with a representative of the plaintiff that upon payment of the two past-due installments the contract would be reinstated and former breaches would be overlooked. Defendant further testified that he had made payment of certain installments up until the 18th day of July, 1941, and that he had made no further payments, and it appearing from such evidence that the defendant was by his own testimony in default, under the theory of the defendant that the first installment did not become due until April 28, 1940, the court sustained a demurrer to the evidence of the defendant and withdrew the case from the jury and entered judgment for the plaintiff. The defendant appeals and assigns eight specifications of error, which are presented under two general propositions, which are, in substance, the court erred in excluding certain evidence offered by the defendant and in sustaining the demurrer of the plaintiff to the evidence of the defendant. The defendant does not cite a single authority in support of the contentions so made nor does the defendant attempt to point out definitely any error in the exclusion of evidence or in the action of the trial court in sustaining the demurrer to his evidence. The defendant likewise fails to support any of the propositions advanced by argument, but merely contends that the action of the court was erroneous in the respects stated. The brief of the defendant makes no effort to comply with the rules of this court, the substance of the defendant's argument being merely that the judgment is wrong and should be reversed upon some theory. As said in Brunson v. Emerson et al., 34 Okla. 211, 124 P. 979:

"This court will not examine the record in search of prejudicial errors which are not clearly pointed out and insisted on in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this the point will not be considered as having been made, but counsel should support the same with argument and citation of authority where possible."

And as further said in Carr v. Seigler, 52 Okla. 485, 153 P. 141:

"Where plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail."

We have examined the record and find no prejudicial error shown therein. We will not undertake to find some theory upon which the judgment of the trial court may be reversed.

The plaintiff requests judgment upon the supersedeas bond which appears in the case-made. Plaintiff is therefore given judgment against A. H. Miller, surety on said bond, for the sum therein provided; execution on said judgment to issue out of the district court of Caddo county.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.