## DUKE v. ADAMS.

No. 34174.    Dec. 19, 1950.

*226 P. 2d 412.*

Tom Payne, of Okmulgee, for plaintiff in error.

Smith & Douglass, of Henryetta, for defendant in error.

HALLEY, J. This action was brought by Rosie Adams, an employee, against Walter G. Duke, doing business as Duke Hotel, to recover in damages for personal injuries sustained when she fell from a stairway into the lobby of the hotel. She sought judgment for $16,-000. The jury returned a verdict for $3,000, and judgment was entered thereon. Walter G. Duke appeals.

The brief of plaintiff in error was filed January 7, 1950. There are twelve assignments of error in the petition in error. There are no specifications of error in the brief. Plaintiff in error makes a general allegation that the attorney for the defendant in error made certain improper remarks in the argument about the small salary being paid defendant in error as an employee of plaintiff in error. The only other assignments argued consist of assertions that the verdict is excessive and that the trial court erred in not allowing the jury to view the scene of the accident. We fail to find in the record any proper exceptions to the alleged error of the trial court in refusing to allow the jury to view the scene of the accident. Although there was a demurrer to the evidence there was no other attack thereon. There was no exception to the verdict at the time of its return. There are no exceptions to any of the instructions. There is no showing in what respect a verdict of $3,000 is excessive. The only exceptions to the rulings other than the exception to the failure to sustain the demurrer to the evidence are presented in the motion for new trial.

In Reynolds v. Phipps et al., 31 Okla. 788, 123 P. 1125, it is stated:

"Where brief of plaintiff in error fails to contain specifications of error complained of, separately set forth and numbered, and argument and authorities in support thereof stated in the same order, as required by Rule 25 of this court (20 Okla. xii, 95 P. viii), the appeal may be dismissed."

This rule has not been changed in substance.

As stated in Brunson v. Emerson et al., 34 Okla. 211, 124 P. 979:

"This court will not examine the record in search of prejudicial errors which are not clearly pointed out and insisted on in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this the point will not be considered as having been made; but counsel should support the same with argument and citation of authority where possible."

And as further said in Carr v. Seigler, 52 Okla. 485, 153 P. 141:

"Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail."

From an examination of the record and the brief of plaintiff in error, it is disclosed that there is a total failure to present any issue to this court for judicial determination. However, we have examined the record and find no prejudicial error therein. We will not undertake to find some theory upon which the judgment of the trial court may be reversed.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.