**E. Leon PENDERGRAPH, Plaintiff In Error,**

v.

**E. May EDWARDS, Defendant in Error.**

**No. 36144.**

Supreme Court of Oklahoma.

April 6, 1955.

Rehearing Denied May 17, 1955.

Jimmie Whiteley, Tulsa, for plaintiff in error.

Eldon J. Dick, W. Leslie Webb, Tulsa, for defendant in error.

CORN, Justice.

Plaintiff and this defendant, parents of a minor daughter 15 years old at the time of this trial, were divorced in the state of Missouri in 1942. In that proceeding plaintiff was granted custody of their child and defendant was ordered to pay $8 per week child support. In December 1949, plaintiff brought an action in the district court to recover the support money due and unpaid under provisions of the decree, for the period from December 1944, to December 1949. By supplemental pleading plaintiff included the period from December 1949 to February 1953. Judgment was rendered in

plaintiff's favor for $4,095, interest and costs.

Execution upon the judgment having been returned unsatisfied, the plaintiff made affidavit for garnishment upon defendant's employer, Nelson Electric Manufacturing Company. Defendant filed affidavit setting up that necessary support of his family required his entire earnings. Plaintiff filed counter-affidavit setting forth numerous matters which were immaterial and ordered stricken, but otherwise in compliance with the statute, 12 O.S.1951 § 851. Therein plaintiff alleged the falsity of defendant's affidavit, that same was made only for the purpose of delaying plaintiff's efforts to collect the judgment, and to avoid his parental responsibility. Defendant then answered such counter-affidavit by denying same generally, realleging the need for his entire income to support his family, and claiming immunity of his income from garnishment upon the ground same was community property and not subject to garnishment for collection of judgment personal to defendant.

The garnishee answered, and also answered, interrogatories, admitting employment of defendant at a monthly salary of approximately $250, after deductions; indebtedness to defendant in the sum of $132.-36, and that one-fourth of such amount would be held subject to order of the court.

Defendant's evidence at the hearing (June 8, 1953) in support of his affidavit disclosed that he had remarried and was the father of two children, one 3 years old and one 7 years of age. He was employed in the garnishee's foundry division at an hourly rate of $1.72, generally worked a forty hour week and approximately four hours overtime, and had an average monthly earning of $250 after deductions. The evidence was that necessary monthly expenditures amounted to, or exceeded defendant's income. These expenses included sustenance ($135), house payments ($44), utilities ($15), medicine ($15), miscellaneous ($15) and work clothing needed for his type of labor ($20). Defendant also testified that expenses for operating his car ($15), corrective footwear for his son (approximately $3 per month), church contributions which he seldom was able to make ($10), and $22.33 per month for pension payments and company insurance premiums, carried because of company pressure, were part of the necessary budget. The defendant's home had been purchased by down payment made with money earned by the wife prior to marriage, and the parties had been unable to furnish the home completely. The family budget did not include anything for amusement or luxuries.

The summarized statement of defendant's earnings and necessary expenditures was reflected by defendant's evidence. Defendant also offered his wife as a witness, but objection to her competency to testify was sustained upon the ground of her personal interest in the subject matter involved. Defendant offered further evidence to show that, under company rules, a successful garnishment furnished cause for discharge from employment. The offer of this evidence was denied. Plaintiff offered no evidence in the trial of the case, although subjecting defendant to cross-examination.

The trial court found defendant did not need 25 per cent of his current earnings for the necessities of his family, and entered judgment finding the issues in plaintiff's favor, and ordered the garnishee to comply with the garnishment unless within 10 days defendant should post an appeal bond in the sum of $200.

Defendant urges five assignments of error as grounds for reversal of the judgment, which are presented under a general argument, based primarily upon the weight of the evidence. The real basis of this argument is that the trial court wholly disregarded uncontradicted evidence in arriving at his findings and judgment. Defendant insists that, under the statute, a debtor's earnings are exempt where it appears all such earnings are required for support and maintenance of his family. See 12 O.S.1951 §§ 850–851. Thus defendant urges that since the evidence of necessity was uncontradicted, the trial court was not at liberty to disregard uncontradicted evidence and render a contrary judgment. Citing Hamilton v. Blakeney, 65 Okl. 154, 165 P. 141; Fleming v. Drew, 88 Okl. 160, 212 P. 306.

■■ We are of the opinion the principle heretofore announced in Riley v. Riley, 184 Okl. 473, 88 P.2d 358, relied upon by plaintiff, is decisive of the matters urged by defendant. In that case it was pointed out that application to dissolve a garnishment is addressed to the trial court alone, and that it is not incumbent upon this court to weigh the evidence. While true that the only evidence introduced was that of defendant, it may be noted the trial court had opportunity to evaluate defendant's evidence, and to measure such evidence in the light of the court's experience and practical knowledge of daily affairs. Such determination was upon a pure question of fact. The trial court resolved the question against defendant by finding, in effect, that the claimed necessitous circumstances, as reflected by the expenditures related by defendant, were not required to protect the defendant's family from privation and want.

■ Defendant relies upon our holding in Smith v. Britton (Criswell Garnishee), 185 Okl. 76, 89 P.2d 953, 954, as grounds for the argument that the additional exemption provided by 12 O.S.1951 §§ 850–851, clearly provides exemption of judgment debtor's earnings in order to provide his family with minimum requirements of a decent livelihood. The rule is expressed in paragraph 1 of the syllabus as follows:

"The purpose of the additional exemption is to protect debtor's family from privation and want, and not to enable them to live in affluence · and luxury. The facts must show the need of the additional exemption in order to supply ·the minimum requirements of a decent and wholesome livelihood."

■ However, it should be noted this rule does not require that measurement of the debtor's circumstances must be made solely by weighing the evidence relative to what he considers to be an absolute minimum for support of his family. We do not suggest that the facts disclosed by this record show support of defendant's family in luxury. However, if the debtor's evidence always should be accepted as conclusive upon his claim for the additional exemption, there would be few occasions when such claim would be unsupported by positive testimony as to what constituted an absolute minimum to provide support for a family. The conceptions as to what amount would be required to provide a decent livelihood would be as varied as the financial situations reflected by the testimony in each particular case.

■ The further contention is made that the trial court committed reversible error by refusing to permit defendant's wife to testify, since she could have given the court the benefit of her knowledge of the family's needs, and thus have shown the necessity for the additional exemption. It is argued that the statute, 12 O.S.1951 § 385(3) permits a wife to testify in the husband's behalf where they have a joint interest in the action. Upon this basis defendant concludes the wife's testimony was admissible ·because of her interest in the action, since defendant's salary constituted their joint earnings. Such argument, however, is unsupported by citation of authority. In· such instances the rule applied is that stated in Reed v. United States· Hoffman Mach. Corp., 193 Okl. 370, 143 P.2d 809, wherein syllabus 2 states:

"Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail. Carr v. Seigler, 52 Okl. 485, 153 P. 141."

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J.; and DAVISON, BLACKBIRD and JACKSON, JJ., concur.