No. 41,770

CLEO CARL STRASSER (Revived in the name of Martha M. Strasser, Administratrix of the Estate of Cleo Carl Strasser, Deceased), *Appellee,* v. DAVID JONES and BITUMINOUS CASUALTY CORPORATION, *Appellants.*

(350 P. 2d 779)

Opinion filed April 9, 1960.

*Roscoe W. Graves,* of Emporia, argued the cause and was on the brief for the appellants.

*Lacy C. Haynes,* of Emporia, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a workmen's compensation case. The appeal is by respondent employer and his insurance carrier from a judgment of the district court which approved and adopted the findings and award of the commissioner in favor of the workman.

The question presented is whether there was substantial competent evidence to support the trial court's findings that there was an accidental injury which arose out of and in the course of employment and that such injury resulted in total disability.

Briefly, the facts are these:

Cleo Carl Strasser, age fifty-two, (hereafter referred to as claimant) was a carpenter and employed by respondent, Dave Jones, a building contractor in Emporia. On November 12, 1957, while so employed, claimant and two other men were engaged in raising a steel I-beam twenty-five feet long and which weighed twenty-three pounds to the foot. In doing so claimant experienced a sharp

pain in his stomach and exclaimed to a fellow worker that he thought "he had busted a gut." He worked the rest of the day but continued to experience pain that evening. Within a few days he commenced to pass blood through his bowels. He continued to work, however, until February 19, 1958, at which time he suffered a rupture of the bowel wall and was immediately taken to the hospital suffering severe pain and shock. The next day he underwent an operation and was found to be suffering from peritonitis. A transverse colostomy was performed and the lower part of the abdomen was drained. On March 3rd an examination was made without operation. A tumor was found high in the rectum. It was removed and examined and found to be cancerous. On March 12th claimant was returned to the operating room for removal of the cancer, but it was found to be impossible to remove it at that time. A second operation was performed on the abdomen and a segment of the bowel was found to be obstructed. There was medical testimony to the effect that the infection and peritonitis were caused by a pin-point perforation of the bowel, and that such perforation could have been the result of the strain in lifting the steel I-beam on the previous November 12th. It also should be stated that the medical testimony was that claimant had a cancerous condition prior to November 12th, but there is nothing in the record to indicate that he was aware of the fact.

The commissioner found that claimant met with an accidental injury which arose out of and in the course of his employment which resulted in his becoming totally permanently disabled as of February 20, 1958, and made an award accordingly, including an award for medical treatment as provided by the compensation act.

During the pendency of respondents' appeal to the district court the claimant died and the action was revived in the name of his administratrix.

As previously stated, the district court approved and adopted the findings and award of the commissioner, and respondents have appealed to this court.

While conceding that as of the date of the award claimant had a total disability, respondents contend that it was not the result of the alleged accidental injury—the tiny perforation, if in fact one occurred—because the infection caused by it had been cleared up and cured—therefore claimant was not suffering from total disability as the result of an accidental injury. Stated in other words—the

contention is that claimant's total disability was caused by the *cancerous condition* which had existed for some time prior to the date of the alleged accidental injury.

Claimant's (even though now deceased we continue to refer to him as such) contention is that the pre-existing cancerous condition was aggravated by the strain of lifting the I-beam, resulting in the tiny perforation of the bowel which in turn led to the rupture of February 19th, all of which in turn precluded timely surgery and possible removal of the cancer.

Keeping in mind the well-established rule that in compensation cases it is the function of the trial court to pass upon the facts, and that in reviewing a record to determine whether it contains substantial evidence to support the trial court's findings this court is required to review all of the evidence in the light most favorable to the prevailing party below, and if the findings are supported by substantial evidence they are conclusive and will not be disturbed on appellate review even though the record discloses some evidence which would have warranted findings to the contrary (*Rakes v. Wright Cooperative Exchange,* 185 Kan. 794, 347 P. 2d 389; *Snedden v. Nichols,* 181 Kan. 1052, 1054, 1055, 317 P. 2d 448), we mention very briefly some of claimant's testimony given by deposition:

Prior to the date in question, November 12, 1957, he felt "good." When lifting the I-beam he felt a sharp pain in his stomach. Prior to the date in question he had not passed blood. His health became worse following the injury and he "started going downhill" from that time on.

Portions of the medical testimony which support the trial court's findings are:

"I have thought this over and on the basis of supporting findings feel that there was a tiny perforation."

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"It therefore, in retrospect, was easy for me to conceive that he could have had on this November day a tiny perforating area which this provision of nature had cared for and allowed him to pursue his living with no more than an occasional bizarre reference to abdominal distress."

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"A perforation in cancerous tissue would weaken the tissue and precipitate and dispose to further rupture. A perforation would contribute to the menace of the cancerous condition."

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"There are several complications that might cause the patient's death, but

malignancy is the first cause, without the complication, he might have lived longer."

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"A man with a cancerous condition could strain himself by lifting an I-beam and it would aggravate his condition."

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Lifting the I-beam aggravated the already existing cancerous condition by low-grade inflammatory infection which is invariably present. This is a weak tissue and would have perforated much easier than normal bowel. Therefore, the November experience would have predisposed to the catastrophe of February and would lessen the man's chance of surviving. These experiences shortened his years of productive work and reduced his chances of surgical help."

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"The peritonitis was caused by a perforation of the bowel with extravasation of the contents of the bowel. The cancerous condition was present as far back as November 12. Lifting a heavy I-beam could have aggravated his condition. The symptoms were largely those of a perforation of the intestinal tract which would have led to further rupture on a later date."

One of the doctors also testified that cases of this kind should be operated on as soon as possible so as to improve the chances of survival, and that the delay in operating on claimant to remove the cancer was caused by the rupture which had to be completely cured and the infection cleared up before the operation could be performed.

Measured by the rule heretofore mentioned, we have no hesitancy in concluding that the findings in this case are supported by substantial competent evidence.

This leads, therefore, to a brief discussion of the rule relating to the application of the compensation act to accidental injuries which worsen or aggravate pre-existing physical conditions.

The act prescribes no standard of health for workmen, and where a workman is not in sound health but is accepted for employment, and a subsequent industrial accident suffered by him aggravates his condition resulting in disability, he is not to be denied compensation merely because of a pre-existing physical condition. In other words, it is well settled that an accidental injury is compensable where the accident only serves to aggravate or accelerate an existing disease or intensifies the affliction. (*Holler v. Dickey Clay Mfg. Co.,* 157 Kan. 355, syl. 6, p. 365, 139 P. 2d 846, 148 A. L. R. 1131; *Copenhaver v. Sykes,* 160 Kan. 238, syl. 1, p. 243, 160 P. 2d 235; *Kauffman v. Co-operative Refinery Assn.,* 170 Kan. 325, 328,

225 P. 2d 129; *Johnson v. Skelly Oil Co.,* 181 Kan. 655, 656, 312 P. 2d 1076.)

Concededly, the claimant in this case had a cancerous condition prior to the date of the accidental injury, even though it was unknown to him. The medical evidence supports the proposition that the exertion and strain of lifting the steel I-beam caused a tiny perforation of the intestinal wall, thus weakening it and bringing about the rupture of the bowel the following February. His condition was thus worsened and aggravated to the extent that it was impossible to operate and attempt to remove the cancer until after the infection had been cleared up. By that time it was too late.

A careful examination of this record and consideration of the mentioned authorities establishes that the trial court reached a correct conclusion in this case, and the judgment is therefore affirmed.