David James ERWIN, Plaintiff in Error,

v.

Linda HARRIS, Defendant in Error.

No. 39260.

Supreme Court of Oklahoma.

May 23, 1962.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for plaintiff in error.

Welcome D. Pierson, Oklahoma City, for defendant in error.

WELCH, Justice.

This litigation arises out of an automobile accident which occurred on October 1, 1957. The plaintiff, Linda Harris, was riding as a passenger in an automobile driven by defendant, Erwin. Erwin was traveling west and while making a left turn was struck by an automobile driven by Robbins, traveling in an easterly direction on its own side of the highway. The Erwin car was struck on the right front door.

Plaintiff, Linda Harris, was thrown from the Erwin automobile striking the pavement. As a result of injuries sustained she filed suit in the district court of Oklahoma County against the defendants, Erwin and Robbins, asking damages for her injuries. The case was tried to a jury and a verdict returned in favor of plaintiff against both defendants.

Defendant Erwin prosecutes this appeal and seeks reversal of the judgment on five separate propositions.

First, it is argued that error was committed by the asking of a prejudicial question although the court sustained an objection to it.

The question complained of is: "Q. You did not know then, what condition the door was in at that time?" Mr. Erwin, one of the defendants, was placed on the witness stand by plaintiff's attorney, and while testifying Erwin in response to question: "Very well. After giving your hand signal, tell the jury what happened?" Answered, in his hurry to get out of the way of the oncoming car he cut his wheels sharply to the left and during the time he was turning sometime or other, the right door of his car came open. On cross-examination Erwin repeated his testimony concerning the door. Then on redirect examination he was asked the following questions and gave the following answers:

"Q. Well now explain to the jury how the door opens?

"A. The handles on the door—you push down, and the door unlocks. The door opens.

"Q. And, had you examined the handle of the door any time before this accident?

"A. Did I examine them?

"Q. Yes.

"A. No, sir.

"Q. You did not know, then, what condition the door was in at that time?"

Objection to this question was sustained.

It is this latter question that defendant contends constituted prejudicial error. As authority to support this contention Houston v. Pettigrew, Okl., 353 P.2d 489, is cited. In this case the court held:

"Where the trial court states in substance, as one of his reasons for granting plaintiff a new trial, that he is of the opinion that an improper question propounded to a witness by counsel for defendant served to prejudice the jury, and this court cannot say with certainty that the jury was not in fact preju-

diced by the asking of said question, we will not reverse the trial court."

The question the court had reference to in the above cited case was one asked of the highway patrolman as follows:

"Q. From your investigation, from your talking with all these people, witnesses, everyone else, could you find where Mrs. Houston had done anything wrong?"

In the case of Houston v. Pettigrew, supra, this court only determined that the trial court did not act in an arbitrary and capricious manner in sustaining plaintiff's motion for new trial, nor that it erred upon a pure, simple and unmixed question of law.

We do not consider this as authority to support defendant's contention that the trial court should be reversed for not granting a new trial herein.

■ Where misconduct of counsel is alleged as grounds for new trial, it must appear that such conduct was prejudicial to the complaining party and probably had some influence upon the verdict. Where such misconduct is not shown to have had this effect, it is not ground for new trial. Hope v. Gordon, 174 Okl. 368, 50 P.2d 669.

■ We are of the opinion that the question complained of has not been shown to be prejudicial, especially in view of the jury having returned a verdict against both defendants.

Defendant next contends that the trial court erred in admitting opinion evidence of the highway patrolman that he was not qualified to make; in failing to give defendant Erwin's requested instructions number four (4) and six (6). These are argued under propositions, two, three and four. However, no authorities are cited in support of argument.

From an examination of the record we do not find these errors complained of to be prejudicial as against defendant Erwin.

■ Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail. Carr v. Seigler, 52 Okl. 485, 153 P. 141; Reed v. United States Hoffman Machinery Corporation, 193 Okl. 370, 143 P.2d 809; Pendergraph v. Edwards, Okl., 283 P.2d 823; Sparks v. Midland Supply Co., Okl., 339 P.2d 1056.

■ We are of the opinion that this well established rule is applicable to propositions two, three and four.

Under proposition number five defendant argues that the judgment having been paid by the joint defendant Robbins, defendant Erwin should be exonerated from liability herein.

The defendant Erwin contends that the assignment of judgment by plaintiff to one Harrison G. Ball, filed of record on December 2, 1959, was in reality a satisfaction of judgment by defendant Robbins. This contention is not denied by defendant in error who is represented herein by the attorney who represented defendant Robbins in the trial court. However, it is contended by defendant in error, in its brief, that the right of contribution of the defendant Robbins, his insurance carrier, and Harrison G. Ball, assignee, against the judgment debtor Erwin under the provisions of Section 831, Title 12 O.S.1951, was reserved and exists at this time. This question was not passed on by the trial court.

■ It is not the function of this court to make an initial determination of questions which have been properly presented to the trial court, but not determined by it. Davis v. Gwaltney, Okl., 291 P.2d 820.

■ We are of the opinion that when defendant Erwin filed with the court a motion to reconsider order denying motion for new trial, and raised the issue of satisfaction of judgment by affidavit and requested judgment be vacated as to defendant Erwin, it was sufficient to raise the question of fact before the trial court as to whether judgment had been satisfied, and if so,

whether such satisfaction exonerated defendant Erwin. The defendant Erwin was entitled to have this question passed on by the trial court. This was the proper place for the defendant in error to present question of contribution. It is apparent from the record that the trial court did not pass on this question in its order overruling motions of defendant Erwin.

We are therefore of the opinion, and so hold, that the failure of the trial court to determine this issue requires that the judgment be reversed and remanded with directions for the trial court to determine the question raised by defendant Erwin as to satisfaction of judgment, and his liability thereunder, if any.

Reversed and remanded.