2001 OK CIV APP 44

**Mark GRATZER, Petitioner,**

v.

**HAPPY FOODS, State Insurance Fund, and The Workers' Compensation Court, Respondents.**

No. 94771.

Court of Civil Appeals of Oklahoma.

Jan. 24, 2001.

Certiorari Denied March 27, 2001.

Philip D. Ryan, Oklahoma City, Oklahoma, for Petitioner

J. William Archibald, Oklahoma City, Oklahoma, for Respondents

## OPINION

Opinion by CAROL M. HANSEN, Chief Judge.

¶1 Petitioner, Mark Gratzer (Claimant), worked for Respondent, Happy Foods (Employer), as a convenience store clerk. On January 16, 1989, an assailant entered the store, took Claimant hostage, and ultimately shot Claimant in the face. The assailant then sat on Claimant's chest for an extended period of time, delaying any opportunity for medical treatment. The bullet knocked out several teeth, severed Claimant's vocal cords, and caused extensive damage to his ears. Claimant underwent treatment for a collapsed lung and surgery to reattach his vocal cords. He required numerous surgeries to his ears, including ten tube insertions for repeated ear infections.

¶2 Claimant received an award of permanent partial disability compensation on August 11, 1993. The Court's order stated Employer "shall pay all reasonable and necessary medical expenses incurred by claimant as a result of said injury," but did not otherwise address or reserve the issue of post-award medical treatment.

¶3 Following the August 11, 1993 order on permanent partial disability, Employer's insurer, the State Insurance Fund (Fund), continued to pay for Claimant's medical expenses relating to the tubes in his ears. The record on appeal reflects a dispute occurred in 1996 regarding medical expenses. It contains numerous medical expense reimbursement requests, an order, filed September 17, 1996, directing payment of $500.00 to a doctor, and an unexecuted Notice of Settlement, filed December 12, 1996.

¶4 In 1999, Fund withdrew authorization for further care. Claimant filed Form 9s on October 14, 1999 and December 27, 1999, moving to reopen on change of condition and seeking authorization for surgery and reim-

bursement of medical expenses. Employer defended on statute of limitation grounds. The trial court ordered Employer to provide reasonable and necessary medical care, rejecting Employer's assertions Claimant's motion was time-barred because it was not filed within 300 weeks and the provision for payment of medical expenses in the August 11, 1993 order applied only to medical treatment provided prior to that order.

¶5 Employer appealed to a three-judge panel. The panel vacated the trial court's order, ruling (1) the statutory period of time to reopen had run since the last adjudication of permanency on August 11, 1993, (2) the August 11, 1993 order did not provide for continued medical treatment, (3) the court had lost its jurisdiction to entertain a request for continued medical treatment or to consider an estoppel defense. The panel denied Claimant's request for medical treatment. Claimant now seeks review of that order.

¶6 Claimant argues the time limitation for reopening a claim set forth in 85 O.S.Supp. 1997 § 43(C)[1] applies only to the right to monetary benefits and not to the right to medical care. He cites *Orrick Stone Co. v. Jeffries*, 1971 OK 116, 488 P.2d 1243 and *Fox–Smythe Transp. Co. v. McCartney*, 1973 OK 55, 510 P.2d 686, as holding the period in which an injured employee is entitled to receive medical care is not limited by any statutory time period addressing the payment of benefits. In the alternative, he argues Fund is equitably estopped from claiming his request for additional medical care is untimely because Fund paid his medical expenses without objection beyond 300 weeks following the permanent disability award. He argues he therefore had no reason to file a motion to reopen within that period of time.

¶7 We will dispose of this second argument first. The Workers' Compensation Court is a statutory tribunal of limited juris-

---

1. 85 O.S.Supp.1997 § 43(C) provides,

The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for that period of time measured by the maximum number of weeks that could be awarded for the particular scheduled member where the change of condition occurred, or for three hundred (300) weeks in the case of

injuries to the body or injuries not otherwise scheduled under the provisions of Section 22 of this title, and unless filed within said period of time after the date of the last order, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of the time set out herein for reopening the case.

diction; it may not extend that jurisdiction through equitable estoppel. *Cities Service Gas Co. v. Witt*, 1972 OK 100, 500 P.2d 288, 291. Regardless of Fund's conduct, the Workers' Compensation Court may not extend its jurisdiction beyond the period allowed by statute.

■ ¶ 8 The Oklahoma Supreme Court addressed continuing medical treatment following a permanent disability award in *Bill Hodges Truck Co. v. Gillum*, 1989 OK 86, 774 P.2d 1063. There the worker received a permanent total disability award for job-related myocardial infarction. A clause in the order required the employer to pay "all reasonable and necessary medical expenses incurred by claimant as a result of said injury." *Id.* at 1064. Three years later, the worker sought approval of a heart transplant. The trial court found the heart transplant procedure fell within the category of a reasonable and necessary medical expense as provided in the original order. A three-judge panel affirmed.

¶ 9 The Oklahoma Supreme Court vacated, stating,

> The moment permanent disability begins, the right to receive medical treatment ceases by operation of law except, of course, for certain limited, tightly structured and explicitly authorized situations.... Once adjudged to have permanent disability, a worker is entitled to medical attention only upon establishing recurrence of the postaward healing period in a reopening proceeding under 85 O.S. 1981 § 28.

*Id.* at 1065–1066 (footnotes omitted.)

¶ 10 In *Pitchford v. Jim Powell Dozer, Inc.*, 2000 OK 12, 996 P.2d 935, the Court further addressed the limited, tightly structured, and explicitly authorized situations in which the claimant may receive post-award medical care. It concluded continuing medical maintenance is not allowable unless it is addressed in the order awarding permanent disability or the claimant shows a change of condition for the worse. *Id.* at ¶ 9.

¶ 11 Here, the clause in the August 11, 1993 order directing Employer to "pay all reasonable and necessary medical expenses incurred by claimant as a result of said injury" is identical to the clause considered in *Gillum*. Such a clause does not authorize continuing post-award medical treatment. *Gillum*, 774 P.2d at 1065. Because the August 11, 1993 order did not address continuing medical maintenance either by granting it or reserving the issue, Claimant may not now receive further medical treatment unless he shows a change of condition for the worse pursuant to 85 O.S.1991 § 28. A motion to reopen for change of condition must be brought within the time limitation of 85 O.S.Supp.1997 § 43(C).

■ ¶ 12 Section 43(C) provides the limitations period is "after the date of the last order." The three-judge panel calculated the limitations period to run from the date of "the last permanent disability order." After the briefing was completed in this appeal, the Oklahoma Supreme Court decided *Arrow Tool & Gauge v. Mead*, 2000 OK 86, 16 P.3d 1120 (mandate issued January 24, 2001). There the Court held *"that an order qualifies as a 'last order' within the meaning of § 43(C) only if it substantially affects the range of monetary, medical, or rehabilitative benefits conferrable by the workers' compensation law."* *Id.* at ¶ 18. Payment for medical treatment is conferrable as a benefit under 85 O.S.Supp.1998 § 14. Therefore, the trial court's order of September 17, 1996 directing payment of $500.00 to Claimant's doctor qualifies as a "last order" within the meaning of § 43(C), and the limitations period for filing a motion to reopen runs from that date.[2]

¶ 13 For the foregoing reasons, the order of the three-judge panel is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.

---

2. The dissent withholds its concurrence because Claimant did not argue he brought his motion to reopen within 300 weeks of the date of the last order. Claimant's petition in error and brief did, however, seek review of the three-judge panel's conclusion of law that "the statutory period of time to reopen the claim for compensation filed herein has run." Because he identified the conclusion of law urged as error, we view the issue as being adequately preserved. Workers' Compensation Court Rule 31(A)(3), 85 O.S.Supp. 1995, Ch. 4, App.

JOPLIN, J., concurs;

ADAMS, J., concurs in part and dissents in part with separate opinion.

ADAMS, Judge, concurring in part, dissenting in part:

¶ 1 The only arguments presented by Claimant to avoid the application of the statute of limitations to his motion to reopen were: (1) "THE STATUTE LIMITING A CLAIMANT'S TIME TO REOPEN A WORKERS' COMPENSATION CLAIM SHOULD EFFECT [sic] ONLY THE RIGHT TO MONETARY BENEFITS, AND NOT THE RIGHT TO ADDITIONAL MEDICAL CARE" and (2) "THE RESPONDENT'S [sic] VOLUNTARY CONTRIBUTION OF MEDICAL [sic] ESTOPPES [sic] THEM FROM ASSERTING THAT THE CLAIMANT'S REQUEST FOR ADDITIONAL MEDICAL CARE IS UNTIMELY." The majority opinion correctly rejects both of these arguments.

¶ 2 Nevertheless, the majority opinion vacates the order of the Workers' Compensation Court because it concludes the limitation period provided by 85 O.S.Supp.1997 § 43(C) did not begin to run until September 17, 1996, the date on which the Workers' Compensation Court last filed an order directing Employer to pay certain medical expenses incurred by Claimant. Relying on *Arrow Tool & Gauge v. Mead,* 2000 OK 86, 16 P.3d 1120 (mandate issued January 24, 2001), the majority concludes that the September 17, 1996, filing was an order which substantially affected the range of monetary, medical or rehabilitative benefits available to Claimant under the workers' compensation law. I do not disagree with the general conclusion that *Arrow Tool,* if applied here, would mean that Claimant's request for additional medical treatment was not time-barred.

¶ 3 However, I would not reach the issue of when the § 43(C) period began to run, because Claimant did not argue that period began running at any time other than the date on which the Workers' Compensation Court filed its order awarding him benefits for permanent partial disability (PPD). The

arguments contained in his brief, as outlined above, contend only that either the limitation period did not apply to mere requests for additional medical treatment or Employer was estopped to assert the running of the limitation period because it had voluntarily provided medical treatment after the date of the PPD order. Claimant never argues that the trial court selected *the wrong commencement date* from which to calculate when the statutory period expired.

¶ 4 Except in very limited circumstances, such as a public-law controversy, an appellate court may not consider issues not raised by the parties. *Reddell v. Johnson,* 1997 OK 86, 942 P.2d 200. I believe the majority opinion violates this fundamental principle of appellate review. I am unpersuaded by the majority's conclusion, contained in footnote 2 of its opinion, that Claimant raised this issue because "Claimant's [petition for review] and brief did, however, seek review of the three-judge panel's conclusion of law that 'the statutory period of time to reopen the claim for compensation filed herein had run.'" Certainly this statement did indicate that Claimant believed that conclusion was wrong, but it is the rest of his brief, *i.e.,* the propositions quoted above, which reveals the *reasons* he believed that conclusion was wrong.

¶ 5 The Oklahoma Supreme Court confronted a similar problem in *Reed v. United States Hoffman Machinery Corporation,* 1943 OK 416, 143 P.2d 809, 193 Okl. 370. The appellant [1] assigned error to the trial court's exclusion of certain evidence and to a trial court decision sustaining a demurrer to his evidence. The Court refused to consider these allegations of error because the appellant had not explained why those actions were erroneous. The general language cited by the majority as justification for considering the issue upon which it bases its decision to vacate is no more specific than the assignments of error rejected in *Reed.* Because I believe the majority has abandoned a basic principle of appellate review which confines us to the issues raised by the parties, I respectfully dissent to the decision to vacate

---

**1.** Under the rules then in effect, the appealing party was actually called the "Plaintiff in Error."