## OKLAHOMA NATURAL GAS CORP. et al. v. SMITH et al.

No. 21105.  Opinion Filed Feb. 17, 1931.

Clayton B. Pierce and Burford, Miley, Hoffman & Burford, for petitioners.

D. H. Evans, for respondent.

CLARK, V. C. J.  This is an original action in this court wherein petitioners ask to review an award made and entered on the 23rd day of January, 1930, in favor of U. Grant Smith, respondent herein.  The Commission's finding is in part as follows:

"1.  That on and before the 26th day of September, 1927, claimant, U. G. Smith, was in the employment of respondent, Oklahoma Natural Gas Corporation, and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Laws; that in the course of, and arising out of his employment, claimant on September 26, 1927, by reason of a high pressure gas explosion sustained personal injuries to his back, right leg, left foot, right arm, and face, and there is a scar diagonally across his forehead about two inches in length, and hearing in both ears impaired.

"2.  That claimant is permanently and totally disabled, and that said permanent total disability is a result of the injuries sustained by reason of the aforesaid accident while in the course of his employment on the 26th day of September, 1927.

"3.  That the average daily wage of claimant at the time of his injury was $4 per day.

"4.  That said claimant is entitled under the law to the sum of $1,539 compensation for serious and permanent disfigurement of his face and for loss of hearing as a result of the aforesaid accidental injury, or 100 weeks compensation at the rate of $15.39 per week.

"5.  That claimant was paid compensation for temporary total disability at the rate of $15.39 per week, from September 26, 1927, up to and until October 5, 1929, less the five days waiting period, or for a period of 105 weeks, in the total sum of $1,615.95.

"The Commission is of the opinion:  On consideration of the foregoing facts that claimant is entitled to compensation at the rate of $15.39 per week for a period not to exceed 500 weeks, less any sum or sums heretofore paid."

It is the contention of petitioners that the Industrial Commission is without jurisdiction or authority under the law to make an additional award for the loss of hearing or

permanent disfigurement in addition to permanent total disability; that an award for permanent and total disability is the maximum that may be awarded under the compensation law of Oklahoma, and that the award of $1.539 for serious and permanent disfigurement to the head and loss of hearing is in excess of the maximum amount allowed by law for permanent total disability.

This question was before this court in Federal Mining & Smelting Co. v. Warman, 145 Okla. 281, 292 Pac. 865, the first paragraph of the syllabus of which reads as follows:

"1. Until section 7390, O. O. S. 1921, was amended by chapter 61, paragraph 6, 1923 Session Laws, no award could be made for loss of hearing or permanent disfigurement under the Industrial Law of this state. Since the adoption of the amendment an award can be made for these injuries and the Industrial Commission can take into consideration the disfigurement in making a finding of total disability. When, however, the Industrial Commission has found that a total disability exists, the maximum amount that can be allowed for total disability, including disfigurement, is the amount provided for by the statute for permanent total disability."

We hold that where the award is for permanent total disability, the same is the maximum amount allowed under our Compensation Law, and that said award in so far as it exceeds the maximum amount of compensation is invalid and unauthorized by the Industrial Law.

However, this holding is subject to review by the Commission. Should it be found that upon a change of condition of the respondent his award for permanent total disability should be diminished, then it will be the duty of the Commission to take into consideration his right to compensation for loss of hearing and facial disfigurement. Should the Commission make a valid award for temporary total disability and also an award for serious and permanent disfigurement of the face and for loss of hearing, and it later developed upon a change of condition, at a later hearing, that the temporary total disability had become a permanent total disability, in that event it will be the duty of the Commission to deduct the amount of the award for loss of hearing and disfigurement from the permanent total disability. Five hundred weeks is the maximum allowed under the Compensation Law for disability, with the addition of hospital, medical, crutches, and other expense.

It is next contended that the evidence is insufficient to support the finding of the Commission that respondent is permanently and totally disabled, and that the permanent and total disability arose out of and in the course of his employment.

A careful review of the evidence discloses that respondent suffered a serious accidental injury. An explosion of gas threw him 30 or 40 feet against an iron horse, injuring both legs, head, and back. The testimony of respondent disclosed that prior to the injury he was a strong able-bodied man, and was able to do hard work of all kinds; that he was a laborer and had not suffered any previous injury.

Respondent testified as follows:

"Q. Previous to the date of the injury, how long had you done manual labor? A. All my life. Q. Do you ever recall having laid off of work on account of rheumatism and swelling of your joints before the accident? A. No, sir. Q. What was your general physical condition before the accident? A. Good, strong as a mule."

Dr. Riley testified as follows:

"Q. You stated the last time you saw him before, he was totally disabled, is he at this time since your last examination able to work as a common laborer? A. No, sir: he is not. This man could do certain types of work. Q. What type? A. Something like a nightwatchman. He can't bend his back to pick up things off the floor."

It was further testified that the condition of the respondent was due to disease and not to injury. The question as to the extent of the respondent's disability was a question of fact to be determined by the Commission. The Commission in considering here the testimony of the different doctors and experts who testified and of the respondent reached the conclusion that this respondent was permanently and totally disabled. It is true some of this testimony is conflicting, but we cannot say as a matter of law that there is no testimony supporting the finding of the Industrial Commission. The award of the Industrial Commission awarding compensation for the total disability is affirmed.

The award of the Industrial Commission awarding compensation for loss of hearing and for facial disfigurement, in so far as the total award exceeds 500 weeks, is reversed with directions to the Commission to vacate the same. If at any time the award for 500 weeks is diminished or ended before the maximum amount is paid, the Industrial Commission should at that time take into consideration the loss of hearing and seri-

ous facial disfigurement and adjust the compensation accordingly.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

RILEY, J., concurs in conclusion.

Note.—See under (1) anno. L. R. A. 1916A, 141; 254; 28 R. C. L. p. 821; (2) 28 R. C. L. p. 828; R. C. L. Perm. Supp. p. 6254; R .C. L. Continuing Perm. Supp. p. 1211.