**ORRICK STONE COMPANY and State Insurance Fund, Petitioners,**

v.

**Lawrence P. JEFFRIES and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 43417.**

Supreme Court of Oklahoma.

Sept. 21, 1971.

Sam Hill, Moraul Bosonetto, Oklahoma City, for petitioners.

Harry R. Palmer, Jr., Oklahoma City, for respondents.

WILLIAMS, Justice.

Claimant in the Industrial Court was rendered practically immobile in both his arms and both his legs as a result of the industrial accident which was the basis of his claim. After he had been hospitalized at length and had been paid three hundred weeks temporary total disability benefits, he sought an order for further nursing and medical attention. The employer resisted on the theory that claimant is either permanently and totally or permanently and partially disabled and entitled only to an order for permanent benefits. The order

made awarded such medical treatment but deferred adjudication as to permanent disability. Employer and insurance carrier seek a review in this original proceeding. For reasons hereinafter discussed we affirm the award.

Counsel for claimant in brief filed herein now concedes that "the evidence disclosed that the claimant was permanently and totally disabled for the performance of ordinary manual labor." A detailed recitation of the evidence of the medical witnesses is not deemed essential to our decision.

The order entered by the trial judge, affirmed by the State Industrial Court, en banc, in pertinent part, found and ordered that claimant was in need of continuing medical treatment, attendance, nursing service, etc., and ordered that respondents "provide the necessary medical attention which the claimant requires, and until further Order of the Court," and retained jurisdiction.

Respondents present herein three propositions of alleged error. They first say there was no medical evidence to support the trial court's order awarding continuing medical care and attendance, nursing services, etc. and that the award thereof should be vacated. They argue that at the time of the entry of the order herein sought to be reviewed, claimant was suffering from none of the conditions described as likely to occur in the future, that he was not shown to then be in need of treatment, that when and whether he would need treatment was "unpredictable and conjectural," that the care claimant needs is home-nursing care only, "someone * * * generally to be hands and feet for him," not medical attendance or treatment as intended in the statute. We do not agree.

The section of our statute under which claimant seeks to sustain the award sought to be reviewed herein is 85 O.S.1961, Sec. 14 (now 85 O.S.Supp.1970, § 14), which requires the employer to furnish medical and nursing care to an injured employee. In pertinent part, it provides:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty (60) days after the injury or for such time in excess thereof as in the judgment of the Court may be required. * * *"

The medical and nursing care provided for in the statute "is such as will reasonably and seasonably tend to relieve and cure the injured employee from the effects of the injury," rehabilitate him "in order that he may return to the ranks of productive labor with normal capacity when possible, and when impossible to restore normal capacity then to the highest degree attainable" "together with temporary relief." McMurtry Bros. v. Angelo, 139 Okl. 236, 281 P. 964, 965 (1929). The purpose is to secure a prompt restoration. Mattingly v. State Ind. Court, Okl., 382 P.2d 125, 128 (1963). These cases emphasize that the treatment to be provided is that which is necessary.

Here, it is true that no present need for an operation or other treatment in a hospital or by a physician was shown. And it is also true that whether and when claimant may need that particular character of treatment is rather uncertain, unpredictable or conjectural in the sense that such need might not arise for a long time or, in fact, ever. 99 C.J.S. Workmen's Compensation § 271, Right to Operation, p. 924, note 16.

■ In our opinion, however, this is not conclusive as to the correctness of respondents' proposition. For the testimony is that claimant "still needs around-the-clock nursing care, as he is for all practical purposes an invalid;" "that he has a continuing daily nursing care need and he has—he will have a periodic, probably, medical need;" that claimant, being a quadriplegic (even with such around-the-clock nursing care) in the future probably will develop pulmonary and genito-urinary infections or stones, bed-sores and possibly calcified mass accumulation at the left elbow requir-

ing an operation to remove it. The question of when medical treatment should cease or whether an operation is reasonably necessary is one of fact to be resolved by the State Industrial Court. That Court, if supported by sufficient evidence, may direct treatment in the future. Douglas Aircraft Co. v. Titsworth, Okl., 356 P.2d 365 (1960).

■■■ We hold that the home-nursing care claimant needs and that is being furnished to him by respondents pursuant to the subject order is medical treatment, attendance and nursing service, etc., within the meaning of § 14, supra.

Respondents, in their second proposition, state that they have no responsibility to furnish further (medical) treatment to claimant because his condition has reached the ultimate (degree) of recovery. They present two arguments under this proposition. One is based on the fact situation already discussed herein. Respondents say claimant's permanent disability should be determined and an appropriate order issued. In the treatment of respondents' last proposition we consider the responsibility of the trial court to determine claimant's permanent disability.

Respondents also argue that medical treatment is one of the "benefits" under § 22(2) of the Workmen's Compensation Act and that it is limited to the 300-weeks period in excess of which temporary total compensation payments may not be required. Commercial Casualty Ins. Co. v. Brock, 176 Okl. 348, 55 P.2d 788. They urge that the jurisdiction of the State Industrial Court to award medical treatment is "ancillary to its jurisdiction to award compensation to the injured employee," citing Black Gold Petroleum Co. v. Hirshfield, 182 Okl. 634, 79 P.2d 566.

It, of course, is elementary that any court must have jurisdiction in three well-known aspects before it can render an effective judgment. It also is true that "medical treatment allowed by statute is merely an allowance in the nature of compensation in addition to scheduled compen-

sation," Williams v. Central Dairy Products Co., 205 Okl. 266, 236 P.2d 984 (1951); McMurtry Bros. v. Angelo, supra, and Hanna Lumber Co. v. Penrose, 154 Okl. 210, 7 P.2d 164 (1932).

Our statute relating to the payment of "temporary total disability" to an injured employee eligible under the Act, being 85 O.S.1961 (now Supp.1970) Sec. 22(2), provides:

"2. Temporary Total Disability. In cases of temporary total disability, sixty-six and two-thirds percent ($66\frac{2}{3}\%$) of the average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of three hundred (300) weeks, except as otherwise provided in this act."

The thrust of respondents' effort is an attempt to work a combination of the provisions of sections 14 and 22(2), supra, of effect that the 300-week limitation on payment of scheduled compensation for temporary total disability would apply to limit to the same period the time during which medical treatment must be furnished. The argument is that the 300-week period is a "healing period" during which temporary compensation must be paid, if required so long, but beyond termination of which neither scheduled compensation, nor medical treatment, "an allowance in the nature of compensation," is required to be paid.

Respondents cite cases from outside this jurisdiction not deemed applicable as being based upon statutes of different provision than ours.

■■■ Although, as suggested in brief, on occasion this Court has used the term "healing period" in referring to the 300-week period referred to in § 22(2), supra, Pruitt v. Mid-Continent Pipe Line Co., Okl., 361 P.2d 494, 496–497 (1961), section 14 of the Act does not use the expression "healing period" nor, for that matter, does § 22. We infer no authorization for respondents to assume from our occasional reference to the 300-week period as a "healing period" that in law a claimant is "healed" after he has received compen-

sation payments for that period of time whether he, in fact, is healed or not.

■ After the amendment of what is now section 22(2) of the Act in 1923, it is now clear that the Legislature intended that an injured employee should have the benefit both of sections 14 and 22(2). McMurtry Bros. v. Angelo, supra. See also Williams v. Central Dairy Products and Hanna Lumber Co. v. Penrose, both supra. To us, the fact that the Legislature put a time limit on the period for which temporary total compensation must be paid but did not put such a limitation on the period for which medical treatment must be provided indicates a different intention with regard thereto. We are of the view and hold that while sections 14 and 22(2), supra, complement each other, they still are separate sections, cumulatively operating to afford different types of relief.

Further, there are instances where injured employees, after apparently recovering from effects of injuries, have had recurrences of periods of disability. Tankersley Constr. Co. v. Ohls, 152 Okl. 203, 4 P. 2d 68 (1931). In others, injured employees have contracted a "germ" disease. Raymond Concrete Pile Co. v. Francis, 160 Okl. 130, 16 P.2d 235 (1932). We believe the Legislature was mindful of such or similar possibilities when enacting the two sections of our statute (§ 14 and § 22(2)) hereinabove discussed. In fact it has provided that the State Industrial Court on the ground of a change in conditions at any time before the granting of relief is barred by the statute of limitation may review any award and, on such review, make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Act. 85 O.S.1961, § 28. This applies to medical treatment as well as other compensation. Williams v. Central Dairy Products Co., supra. Likewise, the Legislature in § 84 of the Act provided that the power and jurisdiction of the State In-

dustrial Court "over each case shall be continuing * * *."

In Williams v. Central Dairy Products Co., supra, (236 P.2d p. 985) referring to § 43, limitation statute, § 14, supra, § 84, supra and § 29, providing for finality of award or decision if no review is sought, this Court said, "It appears to us that when these sections are construed together there is disclosed the intent of the Legislature in enacting the statute to authorize and empower the Commission to require an employer to furnish further medical treatment to an injured employee at any time after sixty days from the date of the injury, but only prior to or at the time a final award is made and not thereafter."

The record reveals that the order which had been made in the Williams v. Central Dairy Products Co. case back in September, 1937, specifically was styled "Order on Form 14" and that the agreement filed was a "Form 14" agreement. The agreement by its terms stated that it "is herewith submitted for the order, decision or award of said Commission, under the provisions of Section 7, Chapter 61, compiled Statutes of Oklahoma, 1921 [apparently meaning § 7294 C.O.S. 1921 as amended by § 7 Chap 61, S.L.1923, now 85 O.S.Supp.1970 § 26]." The agreement specified as a "condition" "that in the event a change in condition occurs or arises, that the same shall not be final, but may be reopened and reviewed as provided by Sec. 7296, Compiled Oklahoma Statutes, 1921 [now § 28]." The approving order provided "that this cause be and is hereby left under the continuing jurisdiction of this Commission on *change of condition*." (Emphasis added). This Court there in effect (p. 985) said claimant could not come in under § 14 and the first portion of § 84 and agreements on facts under § 26 and avoid the effect of § 43, statute of limitation, but had to come in under § 28. Irrespective of the claimed error in not recognizing the claimed right to come in under § 84 pursuant to agreement on facts under § 26 in that case, this

Court's result obtained there was correct. The Court treated an attorney's letter as a statement of his legal rights made to the un-represented claimant rather than as an agreement to furnish him further medical care (removal of eye) and said the agreement if it was an agreement did not get into the Form 14 and the order approving the Form 14 agreement, anyway. It is to be remembered, as stated hereinabove, that claimant's (Williams') agreement with Central Dairy Products Co. (Form 14) and order approving that agreement both provided that claimant's claim could be reopened (only) on change of condition under the present § 28, supra. Also it is to be remembered further that § 26 itself at the end thereof specifies that a decision of the State Industrial Court based on an agreement on facts pursuant to section 26 is final on fact questions and, except for the operation of section 29, is final on law questions. So, with § 26 itself requiring that he have a reservation in his agreement (Form 14) in order to reopen on a fact question and with him having no "condition" (reservation) in his agreement except the right to reopen on a change of condition for the worse (§ 28), clearly he had no right to reopen except under § 28.

This Court, in the Williams v. Central Dairy Products Co. case, supra, referring to the parties' agreement on facts (Form 14, § 26), (p. 986) further said, "If, as now contended, it was at that time too early to determine whether further medical treatment would be necessary, and if it was agreed that if necessary respondent was to furnish further treatment, such provision should have been inserted in the agreed settlement, and upon approval of the settlement the Commission might then have so ordered in its final order and award and such award might then have been enforced at any time thereafter, McMurtry Bros. v. Angelo * * *."

We hold that the Legislature intended for medical treatment to be provided an injured employee in need of it, even after the running of the 300-week period provided in § 22(2), supra.

In their final proposition herein, respondents say the order of which they complain was not responsive to the issues involved in the case. We agree but determine that the error was harmless.

Respondents reiterate the facts concerning medical testimony as to claimant's condition and failure of the Industrial Court to rule upon the merits of their motion to determine permanent disability.

Subsection 1 of section 22 of Title 85 O.S.1961 (now Supp.1970) provides that:

"The following schedule of compensation is hereby established:

"1. Permanent Total Disability. In case of total disability adjudged to be permanent, sixty-six and two-thirds per cent (66⅔%) of the average weekly wages shall be paid to the employee during the continuance of such total disability not exceeding five hundred (500) weeks; * * *"

 This Court has long entertained the view that when the condition of an injured employee has improved to the point that he may return to work without injury to himself he should be released to do so and that if he cannot, then his permanent disability should be adjudicated. McMurtry Bros. v. Angelo, supra. "The [temporary total] benefits must under the law be terminated when temporary total disability ceases and the workman is either cured or his condition becomes stationary so as to permit an evaluation of permanent effects, if any, resulting from his injury." Pruitt v. Mid-Continent Pipe Line Co., supra. When temporary total disability has ended or ceased, and when other disability if any, to wit, permanent total, permanent partial, or temporary partial, attributable to the original injury, succeeds, it is the statutory duty of the State Industrial Court, either upon its own motion or upon proper application, to ascertain and determine the existence, if any, of such succeeding disability as a question of fact, from the facts and circumstances presented by the record. Wilkerson v. Devonian Oil Co., 114 Okl. 84, 242 P. 531 (1926).

We have observed that in none of the cases we have found or to which our attention has been drawn, was there involved a situation wherein the injured employee, though perhaps having recovered to the maximum extent possible in his case, still was suffering with serious permanent effects of his injury that required that he have constant attendance and nursing care in order to avoid relapses that might involve danger to his health and life and require hospitalization and the full assistance of medical people.

The trial tribunal at the time of the trial of this case may have considered that it was bound by the portion of our opinion in the case of Okla. Planning & Resources Board v. Herren, Okl., 341 P.2d 599 (1959), supra, expressing the law of this jurisdiction in effect to be that the trial court could not award future medical care along with an award for permanent total disability.

In our opinion in McMurtry Bros. v. Angelo, 139 Okl. 236, 281 P. 964, supra, as we have noted, we said that the medical and surgical treatment provided for by § 14 "extends for such a time as in the judgment of the Commission may be required." There, this Court denied the contention of respondents that full payment of permanent partial compensation provided for in schedule of benefits for loss of a leg precluded requiring respondents to pay expense of further medical treatment and sustained an award therefor. The Legislature has been meeting regularly for more than forty years since rendition of that opinion and has not seen fit to indicate a view of contrary effect.

In the case of Mattingly v. State Industrial Court, Okl., 382 P.2d 125 (1963), this Court vacated an order denying claimant's claim against his employer for allowance of reasonable expenses for necessary self-procured medical treatment, with directions to adjudge the employer liable for the charges. The right to pursue the claim had been reserved by the terms of,

and in the joint petition settlement, wherein claimant had accepted a specified amount of money in full settlement of liability for his residual (permanent partial) disability. See latter portion of § 84 of the Act. This Court there followed McMurtry v. Angelo on another aspect of the case. See also Hill v. Culligan Soft Water Serv. Co., Okl., 410 P.2d 38, wherein claimant was awarded medical care needed because of a third injury, after already having been awarded permanent total disability following two former injuries.

Nothing is said in sub-section 1 of § 22 of the Act, supra, of effect to limit the period during which medical treatment must be furnished to a claimant otherwise entitled thereto. Upon the basis of our understanding of § 14 of the Act, supra, and our long-standing interpretation thereof in McMurtry Bros. v. Angelo, supra, we hold that a claimant properly shown to be entitled thereto may be awarded continuing medical treatment and care for as long as it may be needed even after temporary total disability payments for 300 weeks pursuant to § 22(2) of the Act, supra, have been made and it may be awarded contemporaneously with and as a part of an order awarding permanent total disability. The question of whether a final award for total and permanent disability may be opened up to award further medical care is not involved in this case and is not here decided. The case of Oklahoma Planning and Resources Board v. Herren, supra, is overruled insofar as it is in conflict with the law of this case.

Under the facts of this case the award of medical care is sustained but the cause is remanded for further consideration of the claims of the respective parties.

BERRY, C. J., DAVISON, V. C. J., and BLACKBIRD, IRWIN and LAVENDER, JJ., concur.

JACKSON, HODGES and McINERNEY, JJ., concur in result.