Bobby Lee DEPUE, Petitioner,

v.

BARSH TRUCK LINES et al., Respondents.

No. 44531.

Supreme Court of Oklahoma.

Jan. 18, 1972.

Glenn A. Young, Sapulpa, for petitioner.

A. M. Covington, Covington, Gibbon & Poe, Tulsa, for respondents.

WILLIAMS, Justice:

There is presented here for review an order of the State Industrial Court, sitting en banc, sustaining an order of the trial judge denying the petitioner, Bobby Lee Depue, claimant below, additional medical benefits after he had received total and permanent disability benefits of five hundred weeks for the total and permanent loss of use of both legs. Petitioner will be referred to as claimant and respondents as respondents, same being the relationship the parties bore to each other before the State Industrial Court. The State Industrial Court will be referred to as the "trial court".

Claimant on November 13, 1962, while working at a hazardous occupation for respondents sustained serious injuries when the wall of a building fell on him, causing him eventually to have a total and permanent loss of use of both legs.

Claimant's total permanent disability status was determined in a third order (that of Jan. 22, 1970, adopted and affirmed by the trial court en banc on appeal on Mar. 2, 1970) issued after two previous awards of compensation for permanent partial disability.

Claimant had first received an award of permanent partial disability by an order dated December 23, 1964, affirmed by the trial court en banc in February next thereafter. In that order, the trial court then had also found and ordered that respondent and insurance carrier should "pay all reasonable medical bills for necessary medical treatment by reason of said injury."

Thereafter by order of August 22, 1968, the trial court on motion to reopen on a change of claimant's condition for the worse had made an award for additional permanent partial disability. It further had ordered the payment of all claimant's medical expenses incurred since the date of the first award.

Thereafter claimant filed a second motion to reopen on a change of condition for the worse. In a hearing before the trial judge on December 9, 1969, pursuant to which the described third (Jan. 22, 1970) order was issued, counsel for the parties agreed that one issue then before the court was as to whether claimant's permanent partial disability by reason of change of condition for the worse should be determined to have become total and permanent.

Counsel for respondents then stated to the Court that,

"In addition to the question as to the amount which the Court can award at this time being in issue—there is a further issue that the claimant contends, since this award of August 22, 1968, he had incurred additional medical expense and that future medical is likely—in fact, he has medical saying that the man may have to have both legs amputated."

In such third order, claimant was found entitled to 106.25 weeks additional compensation. The amount was ordered to be paid in a lump sum within 20 days and was paid as later acknowledged by claimant.

In that third order, the trial court also ordered that respondents pay all reasonable medical expenses incurred by claimant as a result of his accidental personal injury of November 13, 1962, since the date of the previous order of August 22, 1968.

Thereafter, on April 17, 1970, claimant filed his "Motion to Reopen Upon Change Of Condition For The Worse For Additional Medical Only." Therein, as has been noted, he acknowledged receipt of payment of medical expense and balance of compensation for permanent total disability as ordered January 22, 1970, affirmed on

appeal March 2, 1970. Claimant stated he had had emergency hospitalization after the last award and had requested the insurance carrier to pay therefor and it had declined. He alleged:

"That subsequent to the above described last award, claimant had had a change of condition for the worse requiring further medical treatment and hospitalization and is in need of continuing medical treatment in the future in an effort to prevent the amputation of his legs or to pay for the same dependent upon his response to continuing hospitalization and medical treatment, all as more fully shown by" physicians' statements attached.

The undisputed medical evidence establishes that claimant needs additional medical care and treatment.

The trial judge entered an order as follows:

"1

"That heretofore and on January 22, 1970, there was an order issued herein by Judge A. L. Voth finding that claimant had a change of condition for the worse since the court's order of August 22, 1968 and was now 100 per cent permanently and totally disabled.

"2

"That this hearing is based upon a motion of claimant to reopen upon change of condition for the worse for additional medical treatment only, filed in the State Industrial Court on April 17, 1970.

"3

"That by reason of the order of January 22, 1970 finding the claimant to be 100 per cent permanently and totally disabled, the State Industrial Court has no jurisdiction to make any further orders pertaining to this accident and claimant's motion is denied."

The order of the trial judge denying the claim by a divided vote was approved by the State Industrial Court, sitting en banc.

In Oklahoma Planning and Resources Board v. Herren, Okl., 341 P.2d 599, we held that the State Industrial Court was not justified in entering an award for additional medical expense, after the claimant had received an award for permanent total disability. In Orrick Stone Co. v. Jeffries, Okl.1971, 488 P.2d 1243, we specifically overruled the Herren case and held that an injured workman was entitled to receive additional medical benefits after having been paid 300 weeks temporary total disability benefits under the provisions of 85 O.S.1961, § 22(2), now 85 O.S.1971, § 22(2).

· The pertinent portion of 85 O.S.1961, § 14, now 85 O.S.1971, § 14 requiring an employer to furnish an injured employee with medical treatment, provides: "The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty (60) days after the injury or for such time in excess thereof as in the judgment of the court may be required."

85 O.S.1961, § 22(1), now 85 O.S.1971, § 22(1) relating to the payment of permanent total disability, provides: "Permanent Total Disability. In case of total disability adjudged to be permanent, sixty-six and two-thirds percent (66⅔%) of the average weekly wages shall be paid to the employee during the continuance of such total disability not exceeding five hundred (500) weeks; loss of both hands, or both feet, or both legs, or both eyes, or any two (2) thereof, shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases, permanent total disability shall be determined in accordance with the facts."

■ Sections 14 and 22(1), supra, are not combinable so as to make the 300-week limitation on temporary total compensation payments or 500-week limitation on total permanent compensation payments applicable to limit the period during which payments for medical care must be made. An injured party is entitled to the benefits of both sections. McMurtry Bros. v. Angelo

(1929) 139 Okl. 236, 281 P. 964. The two sections, "complement each other" to "afford different types of relief". Orrick Stone Co. v. Jeffries, Okl.1971, supra.

The facts in McMurtry Bros. v. Angelo, supra, are similar to those presented here. There the claimant sustained a serious injury to the right leg. Respondent paid the claimant 175 weeks compensation for the total loss of the use of the right leg, the maximum provided for by the Oklahoma Workmen's Compensation Act. 85 O.S. 1961, § 22(3), now 85 O.S.1971, § 22(3). Thereafter, claimant in that case at a hearing before the State Industrial Commission (now Court) established a need for additional medical treatment to his right leg. The trial tribunal directed the respondent to furnish such treatment. In reviewing the decision we held that the recovery of the claimant for the total loss of the leg under the then existing compensation schedule, C.O.S.1921, § 7290, now 85 O.S. 1971, § 22(3), did not preclude the claimant from securing additional medical treatment of the leg under C.O.S.1921, § 7288, later 85 O.S.1961, § 14, now 85 O.S.1971, § 14. We there said: " * * * Thus we can plainly see that the intent of the Legislature was not to give the employee the benefit of only one of these sections, but to give him the benefit both of compensation and medical relief.

" * * * The medical treatment thus provided for an injured employee is such as will reasonably and seasonably tend to relieve and cure the injured employee from the effects of the injury and is a requirement other and in addition to the schedule of compensation provided for in section 7290, C.O.S.1921, as amended, and is not limited to a 60-day period after the injury, but extends for such time as in the judgment of the commission may be required."

The law established in McMurtry Bros. v. Angelo, supra, has not been altered, changed or modified by this Court. The case was specifically approved and affirmed by this Court in Orrick Stone Co. v. Jeffries, supra.

In Orrick Stone Co. v. Jeffries, supra (p. 1249) we said:

"We have observed that in none of the cases we have found or to which our attention has been drawn, was there involved a situation wherein the injured employee, though perhaps having recovered to the maximum extent possible in his case, still was suffering with serious permanent effects of his injury that required that he have constant attendance and nursing care in order to avoid relapses that might involve danger to his health and life and require hospitalization and the full assistance of medical people.

\*     \*     \*     \*     \*     \*

"Nothing is said in sub-section 1 of § 22 of the Act, supra, of effect to limit the period during which medical treatment must be furnished to a claimant otherwise entitled thereto. Upon the basis of our understanding of § 14 of the Act, supra, and our long-standing interpretation thereof in McMurtry Bros. v. Angelo, supra, we hold that a claimant properly shown to be entitled thereto may be awarded continuing medical treatment and care for as long as it may be needed even after temporary total disability payments for 300 weeks pursuant to § 22(2) of the Act, supra, have been made and it may be awarded contemporaneously with and as a part of an order awarding permanent total disability. . . . The case of Oklahoma Planning and Resources Board v. Herren, supra, is overruled insofar as it is in conflict with the law of this case."

In the present proceeding we are not required to determine whether a claimant may receive an award for permanent total disability, let it be paid out over a period of 500 weeks and then ask to reopen for the granting of an award of medical treatment. Rather, here we are presented with a situation where the Industrial Court could have made an award of the 106.25 weeks compensation payments to be paid by the week, extending over a period of

**84**

more than two years. Had the award been so made, in the event of a change in claimant's condition for the better, in our view respondents would have been entitled to come in under an appropriate motion, make a showing and receive appropriate relief. 85 O.S.1971, § 28; Okla. Nat. Gas Corp. v. Smith, 1931, 147 Okl. 221, 222, 296 P. 454, 455, 456; Woodward & Co. v. St. Ind. Comm., Okl.1961, 349 P.2d 638, 640. For statements that medical care is included in term "award" (Syll. pgh. 3) and also that "To commute future payments to a lump sum would destroy the right of the employer or insurance carrier to have the degree of impairment reconsiderd by the commission, or the commission to do so on its own motion," see Murch Bros. Const. Co. v. Cupp, 177 Okl. 102, 57 P.2d 852, 853, 857. See also Magnolia Petroleum Co. v. Nalley, 176 Okl. 491, 56 P.2d 769; Indian Territory Illuminating Oil Co. v. St. Ind. Comm., 185 Okl. 68, 89 P.2d 933, 935; Indian Territory Illuminating Oil Co. v. St. Ind. Comm., 185 Okl. 72, 90 P.2d 398; White v. Shell Oil Co., 193 Okl. 374, 143 P.2d 825, 828–829.

■ In our view, just as the trial court would have been authorized to have awarded the necessary medical treatment to claimant along with an award of compensation for permanent total disability (Orrick Stone Co. v. Jeffries, supra), but believed under the holding in Okla. Planning and Resources Board v. Herren, supra, that it could not do so, even so, prior to the expiration of the time during which the award for total permanent disability payments would have matured absent an order commuting such payments, and accelerating their respective due dates, that court properly could have awarded medical treatment.

■ We hold that in Workmen's Compensation proceedings, the commutation pursuant to 85 O.S.1971, § 41 of the latter portion of a 500-week compensation award to an injured employee for total permanent loss of use of both his legs under the provision of 85 O.S.1961, § 22(1), now 85 O.

S.1971, § 22(1) to a lump-sum award and the payment thereof does not preclude the injured employee from later, and during the time such payments would be accruing but for such order commuting them and accelerating their maturity, receiving additional medical treatment for his injured legs under the provisions of 85 O.S.1961, § 14, now 85 O.S.1971, § 14.

The order of the State Industrial Court denying the claim of the claimant is vacated with directions to the State Industrial Court to conduct further proceedings.

BERRY, C. J., DAVISON, V. C. J., and JACKSON, IRWIN, LAVENDER, McINERNEY and BARNES, JJ., concur.

HODGES, J., concurs in result.