**ZEBCO MOTORGUIDE and National Union Fire Insurance Company, Petitioners,**

v.

**Judy K. BRIGGS and the Workers' Compensation Court, Respondents.**

No. 82555.

Court of Appeals of Oklahoma, Division No. 3.

April 12, 1994.

Ordered Published Aug. 2, 1994.

Pat A. Padgett, Tulsa, for petitioner.

Robert A. Flynn and Matt Riggin, Tulsa, for respondents.

*MEMORANDUM OPINION*

HUNTER, Presiding Judge:

Judy Briggs (Claimant) was awarded workers' compensation benefits upon the trial court's finding of permanent partial disability. The trial court also ordered continuing medical treatment for Claimant in the form of prescription medications. Petitioners challenge the trial court's order authorizing continuing medical treatment for Claimant because they allege the finding of permanent disability bars Claimant from receiving further medical treatment or prescription medications, relying on the case of *Bill Hodges Truck Company v. Gillum,* 774 P.2d 1063 (Okl.1989).

In *Hodges Truck Company,* the Supreme Court determined that once permanent disability begins, the right to receive further medical treatment ceases by operation of law except under very limited and explicitly authorized situations. The Court noted that under the health and nursing services authorized under 85 O.S. § 14, a permanently disabled worker may receive services which do not afford an alteration or improvement of a worker's physical condition, but constitute merely day-to-day maintenance of the worker's permanently disabled condition. In finding that Gillum's request for a heart transplant did not fall within that category, the Court explained that "[b]ecause this post-award claim cannot be regarded as one for day-to-day maintenance care but is rather to be treated as one for an invasive surgical procedure designed to produce an anatomical change, it must meet the same standards of proof as those which are applicable to a § 28 reopening proceeding for additional medical services on recurrence of an injured worker's healing period." 774 P.2d at 1066–1067.

In contrast, Claimant herein is not seeking an invasive surgical procedure or any medical

services which will necessarily alter or improve her condition. In Claimant's medical report, her doctor concluded that she is permanently disabled, and recommended continuing treatment of her symptoms with prescription anti-inflammatory drugs or muscle relaxants as necessary. Such treatment will not change her permanent disability, but will only serve to provide her more comfort in maintaining her present condition. We find such continuing medical treatment constitutes the type of day-to-day maintenance care embraced in Section 14 and authorized in *Orrick Stone Company v. Jeffries*, 488 P.2d 1243 (Okl.1971). The order of the trial court is supported by competent evidence and is hereby sustained.

ORDER SUSTAINED.

GARRETT, V.C.J., and BAILEY, J., concur.