2000 OK 12

**James E. PITCHFORD, Petitioner,**

v.

**JIM POWELL DOZER, INC., The State Insurance Fund, and the Workers' Compensation Court, Respondents**

No. 92,261.

Supreme Court of Oklahoma.

Feb. 22, 2000.

Walter F. Brune and Fred L. Boettcher, Boettcher Law Offices, Inc., Ponca City, Oklahoma, For Petitioner James E. Pitchford.

Robert P. Fitz–Patrick and Mike Gilliard, McGivern, Gilliard & Curthoys, Tulsa, Oklahoma, For Respondents Jim Powell Dozer, Inc. and The State Insurance Fund.

HARGRAVE, V.C.J.

¶1 This matter concerns the denial of a post-award request by the claimant, James Pitchford for reimbursement of medications prescribed after the last disability hearing and order in a workers' compensation matter. We find that the trial court correctly denied this request for reimbursement as claimant made no request for a finding of a change of condition subsequent to the last disability hearing and continuing medical maintenance was neither provided for nor reserved in the last disability order.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Claimant was originally injured on January 4, 1991. He received an award of permanent partial disability benefits on November 2, 1992. An order was entered July 29, 1996, finding that claimant sustained a change of condition for the worse, in which the Workers' Compensation Court awarded additional permanent partial disability to claimant's neck and back. At the hearing that resulted in the July 29, 1996 order, claimant did not request reservation of continuing medical maintenance or treatment, and the order did not address or reserve the issue of continuing medical maintenance. Claimant did not appeal this issue or seek to have the three-judge panel reserve the continuing medical issue not addressed in the July 29th order.

¶ 3 On January 16, 1998, Petitioner sought reimbursement for prescription medications purchased after the July 29, 1996 order. These prescriptions, as argued by the claimant, were for the maintenance of the previously adjudicated change in condition. On August 31, 1998 the trial court denied this request for reimbursement finding:

> THAT in the absence of a change of condition for the worse, requests for continuing medical maintenance must be made at the time of the trial on permanent partial disability unless specifically reserved by the Trial Court in its order awarding permanent benefits, *H.R. [Hill] Trucking Co. v. Hillburn [Hilburn]*, 940 P.2d 238, 240 (Okl.Civ.App.1997). When permanent partial disability is adjudicated by the Trial Court, claimant's treatment and medical maintenance status is also being adjudicated. In the absence of a finding of the need for continuing medical maintenance, claimant's permanent partial disability order effectively adjudicates that no such maintenance is required; to hold otherwise is to find that there is no finality to such issues of medical maintenance. Indeed, under claimant's theory, an order awarding one form of continuing medical maintenance could presumably be modified at any time to award an additional form of continuing medical maintenance regardless whether it had been previously contemplated or considered. Contrary to claimant's position herein, a change of condition for the worse must be found before continuing medical maintenance benefits may be awarded to the claimant herein.

The trial court's August 31, 1998 Order was affirmed by the Workers' Compensation Court's three-judge panel on November 6, 1998.

¶ 4 The Court of Civil Appeals, Division II, vacated the findings of the trial court and found that the prescription medication constituted maintenance care under 85 O.S. § 14. The Court of Civil Appeals found that the trial court erred in disallowing the claim for post-award prescription medication as the medication was necessary for the maintenance of the claimant's medical condition. In so finding the Court of Civil Appeals opined that although permanent disability had begun, the right of the claimant to receive further medical treatment continued under the limited, tightly structured and explicitly authorized exception of daily maintenance found in *Orrick Stone Co. v. Jeffries*, 1971 OK 116, 488 P.2d 1243.

¶ 5 In *Bill Hodges Truck Co. v. Gillum*, 1989 OK 86, 774 P.2d 1063, this Court held:

> A permanent disability award constitutes a solemn adjudication that the worker's healing period has come to an end and his condition or state of health has reached the very optimum that is *then* medically obtainable. The law assumes that a condition of health, once adjudged to be permanent, is stationary. Stationary conditions generally require no medical care or maintenance. The moment permanent disability begins, the right to receive medical treatment ceases by operation of law except, of course, for certain limited tightly structured and explicitly authorized situations. Permanent disability, partial or total is *presumed* to continue until *recurrence* of temporary disability is *established....* Once adjudged to have permanent disability, a worker is entitled to medical attention only upon *establishing recurrence of the postaward healing peri-*

*od in a reopening proceeding* under 85 O.S.1981 § 28.

774 P.2d 1063, 1065–1066.

¶ 6 In the present matter, claimant was originally awarded permanent partial disability benefits on November 2, 1992. An order was entered finding that claimant sustained a change of condition for the worse, in which the Workers' Compensation Court awarded additional permanent partial disability to claimant's neck and back. This new award of permanent partial disability caused claimant's right to receive medical treatment to end unless the claimant could demonstrate that under the facts in his situation he could fall within "certain limited tightly structured and explicitly authorized situations."

¶ 7 These "certain limited tightly structured and explicitly authorized situations" are demonstrated in *Orrick Stone Co. v. Jeffries,* 1971 OK 116, 488 P.2d 1243. In *Orrick,* this Court determined that since the original award had provided for continuing medical care, and the claimant in that matter needed such care, "[t]he question of when medical treatment should cease or whether an operation is reasonably necessary is one of fact to be resolved by the State Industrial Court. That Court, if supported by sufficient evidence, may direct treatment in the future." [citing *Douglas Aircraft Co. v. Titsworth,* 356 P.2d 365 (Okla.1960).] 488 P.2d at 1246. This Court, in *Jeffries,* further held at 488 P.2d 1249:

> [T]hat a claimant properly shown to be entitled thereto may be awarded continuing medical treatment and care for as long as it may be needed .... and it may be awarded contemporaneously with and as a part of an order awarding permanent total disability.

In *Depue v. Barsh Truck Lines* 1972 OK 5, 493 P.2d 80, 84, this Court again allowed for the trial court to authorize future medical treatments at the same time as permanent total disability was awarded. In *City of Frederick v. Elmore,* 1978 OK 160, 587 P.2d 1365, 1367–1368, this authorization of future medical treatment at the time the permanent award was shown to apply to permanent partial disability as well.

¶ 8 The Court of Civil Appeals relied upon *Zebco Motorguide v. Briggs,* 1994 OK CIV APP 60, 881 P.2d 103, 104. However, in that case, the trial court awarded continuing medical treatment for the claimant in the form of prescription medications at the time of the permanent partial disability award. Hence, this case falls within the maintenance exception and does not apply to the facts at hand.

¶ 9 In the present matter, claimant did not request reservation of continuing medical maintenance or treatment, and the order did not address or reserve the issue of continuing medical maintenance. Claimant did not appeal this issue and the order became final. Since future medical treatment was not addressed or allowed at the trial court, claimant cannot be reimbursed for prescription medications purchased after the order determining permanent partial disability. For the prescriptions to be considered for maintenance purposes, they must be included in the order granting permanent partial disability. Failing to show that he falls within the exception, claimant must show a change of condition for the worse before continuing medical maintenance benefits may be awarded.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; ORDER OF THE TRIAL COURT SUSTAINED.**

¶ 10 CONCUR: HODGES, LAVENDER, OPALA, WATT, WINCHESTER, JJ.

¶ 11 CONCUR BY REASON OF STARE DECISIS: KAUGER, J.

¶ 12 DISSENT: SUMMERS, C.J.

¶ 13 DISQUALIFIED: BOUDREAU, J.