OSCN Found Document:LOYD v. MICHELIN NORTH AMERICA, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 LOYD v. MICHELIN NORTH AMERICA, INC.
2016 OK 46
Case Number: 112754
Decided: 04/26/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 46, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

JAMES LOYD, Petitioner,
v.
MICHELIN NORTH AMERICA, INC., and THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS, Respondents.

ON APPEAL FROM THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS

¶0 Claimant James Loyd was awarded permanent partial disability benefits after being injured on the job. Loyd did not appeal, and the order became final. Less than a month after such order was issued, Loyd filed a Form 9 requesting continuing medical maintenance and requesting a portion of his permanent partial disability award be commuted to a lump sum payment. Upon consideration, we hold that a claimant may seek to commute his or her permanent partial disability award after the hearing on permanent partial disability under 85 O.S. 2001 § 41(A). Additionally, we conclude that because Loyd did not request reservation of continuing medical maintenance and the trial court's order awarding permanent partial disability did not address or reserve the issue of continuing medical maintenance, Loyd's only recourse was to seek continuing medical maintenance through a reopening proceeding under 85 O.S. 2001 § 28.

WORKERS' COMPENSATION COURT OF EXISTING CLAIMS' ORDER
VACATED; CAUSE REVERSED AND REMANDED FOR FURTHER
PROCEEDINGS

David Custar, Richard A. Bell, The Bell Law Firm, Norman, Oklahoma, for Petitioner
Connie M. Wolfe, Connie M. Wolfe & Associates, PLLC, Oklahoma City, Oklahoma, for Respondents

GURICH, J.

Facts & Procedural History

¶1 Loyd was employed by Michelin North America for thirty years. On November 10, 2009, Loyd suffered injuries to his head, neck, back, right shoulder, right hip, and right knee after being thrown into a steel cage by a 500-800 pound roll of fabric. At the time of his injury, he was working as a wind-up operator for a "fabric calender"[1] and was attempting to repair a broken bolt of fabric. Loyd reported the incident to his Employer.

¶2 On November 20, 2009, Loyd was again attempting to repair a broken bolt of fabric when his left ankle gave out and he injured his left hand, left knee, left shoulder, and left ankle.[2] On December 21, 2009, Loyd filed a Form 3 for his injuries from the November 10, 2009 incident, and he filed an amended Form 3 on January 20, 2010, to add the injuries suffered in the November 20, 2009 incident. An Order Determining Compensability and Awarding Temporary Total Disability Benefits was entered on May 20, 2010. From December of 2010 to October of 2012, Loyd had surgery on both shoulders, his back, both knees, and left ankle.

¶3 On May 16, 2013, Loyd filed a Form 9, requesting the following issues be set for trial: "Temporary disability from 11-24-09 to 5-6-13; Medical Treatment from 11-9-09 to Indefinite; Permanent Partial Disability/Permanent Partial Impairment; Cont. Medical Treatment; Disfigurement; Pain Management Specialist; Prescriptions; Should be allowed to remain under the care of Dr. Johnsen and Pam Holt for depression; Commute."[3] A hearing was held on November 26, 2013. The transcript from such hearing was not included in the record on appeal. On December 20, 2013, the trial court entered an Order Awarding the Nature and Extent of Permanent Partial Disability Benefits and Disfigurement. The order did not reserve any issues for future hearing and made no mention of continuing medical treatment, prescriptions, or commutation. Loyd did not appeal the order.

¶4 On January 15, 2014, just twenty-six days later, Loyd filed a Form 9, seeking to set for trial the issues of continuing medical maintenance and commuting a portion of his permanent partial disability award to a lump sum. Employer filed an Answer, alleging res judicata and claim preclusion as an affirmative defense. The court held a hearing on March 24, 2014, and filed an Order on March 25, 2014, denying Loyd's request for continuing medical maintenance and Loyd's request to commute.[4] The court found that the prior permanent partial disability order of December 20, 2013, had become final, and thus, the court lacked jurisdiction to grant Loyd's requests. Loyd appealed, and the Court of Civil Appeals affirmed. Loyd petitioned this Court for certiorari review, and we granted review on March 30, 2015.

Standard of Review

¶5 The issues presented in this case concern the jurisdiction of the Workers' Compensation Court to hear and determine Loyd's request for continuing medical maintenance as well as Loyd's request to commute a portion of his permanent partial disability award to a lump sum payment. Such jurisdictional issues are reviewed de novo. See Triad Transport, Inc. v. Wynne, 2012 OK 30, ¶ 7, 276 P.3d 1013, 1016. Under a de novo standard of review, this Court is afforded "plenary, independent, and non-deferential authority to examine the issues presented." Benefiel v. Boulton, 2015 OK 32, ¶ 10, 350 P.3d 138, 142 (internal quotation omitted).

Loyd's Request to Commute a Portion of His Permanent Partial
Disability Award to a Lump Sum

¶6 Section 41(A) of Title 85 provides:

A. Awards for permanent partial disability under Section 22 of this title shall be made for the total number of weeks of compensation which the Court shall find the claimant will be entitled to receive, less any sums previously paid which the Court may find to be a proper credit thereon. When the award becomes final, the whole sum or any unpaid portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant or in case of his death, by the surviving beneficiary entitled to the proceeds as provided in Section 48 of this title. All awards shall be paid by periodic installments as determined by the Court. Whenever an injured person receives an award for permanent partial disability, permanent total disability or death benefits, the injured employee or claimant, for good cause shown, may have the award commuted to a lump-sum payment by permission of the Court. This authorization for commutation shall not be applicable to attorney fees in permanent total disability cases. The lump-sum payment shall not exceed Four Thousand Dollars ($4,000.00) or twenty-five percent (25%) of the total award, whichever is the larger sum. . . .[5]

¶7 This Court has not previously addressed whether a claimant must seek to commute a permanent partial disability award at the hearing on permanent partial disability, as the Employer in this case argues, or whether the claimant may seek to commute the award at a later date. In Lee Way Motor Freight, Inc. v. Wilson, 1980 OK 48, 609 P.2d 777, the claimant was awarded permanent partial disability benefits in September of 1978. In January of 1979, claimant sought to commute the balance of his award to a lump sum. Although the issue on appeal in Wilson was whether a later-enacted statute limited the amount of the award that could be commuted, the Court did not express concern or even mention that claimant's motion was pressed after the hearing on permanent partial disability. Similarly, in Bagley v. Big "E" Industries, 1989 OK CIV APP 34, 776 P.2d 569, the claimant was awarded permanent partial disability benefits in August of 1987. In September of 1987 he moved to commute his award to lump sum payment. Again, although the issue on appeal was whether the trial court could direct payment of the lump sum to claimant's ex-wife to satisfy back child support, the Court of Civil Appeals did not express concern that claimant's motion was filed after the hearing on permanent partial disability.

¶8 Although Wilson and Bagley do not directly address the issue in the case before us, we find such cases consistent with the language of § 41(A) and conclude that a claimant may seek to commute his or her permanent partial disability award after the hearing on permanent partial disability. Section 41(A) provides that "[w]henever an injured person receives an award for permanent partial disability . . . the injured employee or claimant, for good cause shown, may have the award commuted to a lump-sum payment by permission of the Court."[6] Such emphasized language implies that the court has already issued an order awarding permanent partial disability benefits. Thus, a claimant would necessarily have to seek to commute the award after receiving the order awarding permanent partial disability benefits. In addition, the statutory language only allows the court to commute a portion of the award "for good cause shown."[7] A claimant, at the time of the hearing on permanent partial disability, may or may not have a specific financial hardship or "good cause" to seek payment of the award in a lump sum. However, such financial need could arise at a later date, requiring the claimant to seek to commute the award after such award has been made.

¶9 In the case before us, although Loyd testified to his financial situation regarding his request to commute a portion of his award to a lump sum payment, the trial court made no ruling on the issue. Instead, the trial court found it lacked jurisdiction to even hear the issue. On remand, the court shall determine whether Loyd has shown good cause, entitling him to have a portion of his permanent partial disability award commuted to a lump-sum payment. 

Loyd's Request for Continuing Medical Maintenance

¶10 In the case before us, although continuing medical maintenance was listed on Loyd's Form 9, the transcript of the hearing on permanent partial disability held on November 26, 2013, is not part of the appellate record. Employer's brief states that "Claimant did not 'expressly ask' for Continued Medical Maintenance at the November 23, 2013 hearing,"[8] and Loyd specifically states in his brief that the "trial court was not called upon in the [November] 2013 hearing to address [his] need for continuing medical maintenance."[9] The court's order awarding permanent partial disability did not address continuing medical maintenance. Although Loyd had the opportunity to appeal the order to seek a correction or ruling on the issue, he did not appeal and the order became final.

¶11 In Pitchford v. Jim Powell Dozer, Inc., 2000 OK 12, 996 P.2d 935, the claimant was injured on the job and received an award of permanent partial disability benefits. Approximately four years later, claimant sought to reopen the case based on change of condition, and the trial court found that claimant had sustained a change of condition for the worse and awarded additional permanent partial disability benefits. At the hearing that resulted in the awarding of additional permanent partial disability benefits, claimant did not request reservation of continuing medical maintenance, and the order of the court did not address or reserve for future hearing the issue of continuing medical maintenance. Claimant did not appeal the order. Two years later, claimant sought reimbursement for prescription medications purchased after the order awarding additional permanent partial disability benefits. Claimant argued that the prescriptions were specifically for the maintenance of the previously adjudicated change in condition.

¶12 The Court, quoting Bill Hodges Truck Co. v. Gillum, 1989 OK 86, 774 P.2d 1063, stated:

A permanent disability award constitutes a solemn adjudication that the worker's healing period has come to an end and his condition or state of health has reached the very optimum that is then medically obtainable. The law assumes that a condition of health, once adjudged to be permanent, is stationary. Stationary conditions generally require no medical care or maintenance. The moment permanent disability begins, the right to receive medical treatment ceases by operation of law except, of course, for certain limited tightly structured and explicitly authorized situations. Permanent disability, partial or total is presumed to continue until recurrence of temporary disability is established.... Once adjudged to have permanent disability, a worker is entitled to medical attention only upon establishing recurrence of the postaward healing period in a reopening proceeding under 85 O.S.1981 § 28.[10]

The Court held that the order awarding claimant additional permanent partial disability benefits "caused claimant's right to receive medical treatment to end unless the claimant could demonstrate that under the facts in his situation he could fall within 'certain limited tightly structured and explicitly authorized situations.'"[11] The Court found that such situations included situations where the original order awarding permanent disability benefits authorized future medical treatments or continuing medical care.[12]

¶13 The Court also found that because the claimant did not request reservation of continuing medical maintenance and the trial court's order did not address or reserve the issue of continuing medical maintenance, the claimant could not be "reimbursed for prescription medications purchased after the order determining permanent partial disability."[13] The Court held: "For the prescriptions to be considered for maintenance purposes, they must be included in the order granting permanent partial disability. Failing to show that he falls within the exception, claimant must show a change of condition for the worse before continuing medical maintenance benefits may be awarded."[14]

¶14 In the case before us, Loyd asks us to rely on Armstrong v. Unit Drilling, 2002 OK 17, 43 P.3d 383. We find Armstrong is distinguishable. In that case, it was undisputed that the claimant had sought continued medical maintenance at the hearing on his claim for permanent disability but that the trial court failed to include such in its order.[15] Additionally, Armstrong is distinguishable because in that case the Court found it was clear that the parties had interpreted the trial court's original order to require employer to pay for prescription costs because the employer had continued to pay for those prescriptions for six years after the order was entered.[16]

¶15 Here, the order was entered on December 20, 2013, and by the time the hearing occurred on Loyd's request for continuing medical maintenance on March 24, 2014, Employer had already ceased paying for Loyd's doctor visits to Dr. Moorad and Dr. Kaplan and stopped paying for the prescriptions prescribed by those doctors.[17] Employer in this case clearly interpreted the trial court's order to not include continuing medical maintenance in the form of continued prescription costs and doctor visits.

¶16 Finally, although Loyd's failure to request continuing medical maintenance at the hearing on permanent partial disability precludes the application of Armstrong, such also precludes Employer's res judicata defense. Under principles of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the parties from relitigating not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action." Miller v. Miller, 1998 OK 24, ¶ 23, 956 P.2d 887, 896 (emphasis added). The Employer has the burden to show the issue to be precluded was actually litigated or decided. Okla. Nat. Gas, Inc. v. Messer, 2011 OK CIV APP 20, ¶ 19, 249 P.3d 99, 104. Employer has specifically admitted that Loyd did not ask for continuing medical maintenance at the hearing on permanent partial disability in November of 2013. Thus, we conclude that Employer has failed to meet its burden to show the issue of continuing medical maintenance was actually litigated at the November 2013 hearing.

¶17 Because Loyd did not request reservation of continuing medical maintenance and the trial court's order awarding permanent partial disability did not address or reserve the issue of continuing medical maintenance, and the award became final after Loyd did not appeal, as in Pitchford, Loyd's only recourse is to seek continuing medical maintenance through a reopening proceeding under § 28.[18]

¶18 This Court has long held that "[t]he Workers' Compensation Court has exclusive original jurisdiction over all proceedings for compensation which is legally due for an on-the-job injury. This statutory cognizance includes all conceivable § 28 proceedings. The trial tribunal's power to reopen a claim over which it already has acquired jurisdiction cannot be drawn into question."[19] Thus, the trial court's conclusion that it lacked the jurisdictional power to hear Loyd's request was error. On remand, the trial court is directed to treat Loyd's request for continuing medical maintenance as a reopening claim under 85 O.S. 2001 § 28.[20]

Conclusion

¶19 We hold that Loyd may seek to commute his permanent partial disability award after the hearing on permanent partial disability under 85 O.S. 2001 § 41(A). On remand, the court shall determine whether Loyd has shown good cause, entitling him to have a portion of his permanent partial disability award commuted to a lump-sum payment. Additionally, because Loyd did not request reservation of continuing medical maintenance and the trial court's order awarding permanent partial disability did not address or reserve the issue of continuing medical maintenance, we hold that Loyd's only recourse was to seek continuing medical maintenance through a reopening proceeding under 85 O.S. 2001 § 28. On remand, the trial court is directed to treat Loyd's request for continuing medical maintenance as a § 28 reopening claim and permit the introduction of additional medical and testimonial evidence.

WORKERS' COMPENSATION COURT OF EXISTING CLAIMS' ORDER
VACATED; CAUSE REVERSED AND REMANDED FOR FURTHER
PROCEEDINGS

¶20 Reif, C.J., Combs, V.C.J., Kauger, Watt, Edmondson, Gurich, JJ., concur.

¶21 Winchester, Taylor, JJ., dissent.

¶22 Colbert, J., not participating.

FOOTNOTES

[1] Record on Appeal at 34.

[2] Loyd attempted to report the injury to his Employer on that same day. However, soon after the incident on November 20, 2009, he was called into his supervisor's office to discuss the incident that occurred on November 10, 2009. Loyd was again called into his supervisor's office on November 23, 2009, and was terminated for the incident occurring on November 10, 2009. It appears from the record, that Loyd reported the later injury of November 20, 2009, to his Employer soon after he was terminated. Transcript of Proceedings at 17-21 (May 20, 2010).

[3] Record on Appeal at 110.

[4] We note that Loyd's original claim was filed in the Workers' Compensation Court. However, by the time the trial court issued the order now on appeal on March 25, 2014, the Workers' Compensation Court had been renamed the Workers' Compensation Court of Existing Claims pursuant to 85A O.S. Supp. 2013 § 400.

[5] 85 O.S. 2001 § 41(A) (emphasis added).

[6] 85 O.S. 2001 § 41(A) (emphasis added).

[7] 85 O.S. 2001 § 41(A).

[8] Respondent's Answer Brief at 7.

[9] Brief of Petitioner at 5.

[10] Pitchford, 2000 OK 12, ¶ 5, 996 P.2d at 936-37 (quoting Bill Hodges Trucking Co. v. Gillum, 1989 OK 86, 774 P.2d 1063).

In Gillum, the Claimant was awarded permanent total disability benefits after suffering two heart attacks while on the job. The order awarding permanent total disability benefits included a clause requiring the employer to pay "'all reasonable and necessary medical expenses incurred by claimant as a result of said injury.'" Id., ¶ 2, 774 P.2d at 1064. The order became final after neither party appealed. Approximately three years later, the claimant filed a Form 9 seeking approval of a heart transplant, arguing that such transplant constituted a "reasonable and necessary expense" under the court's previous permanent total disability order. The Court held that the order awarding permanent total disability benefits to the claimant could not "serve as authority for medical treatment beyond its date. The worker's postaward quest for additional medical care . . . [was] in law but a § 28 reopening claim, which must be based on a changed condition that necessitates heart transplant surgery. . . . The worker was required to establish an after-occurring (postaward) need for the requested medical procedure." Id., ¶ 7, 774 P.2d at 1066.

[11] Pitchford, 2000 OK 12, ¶ 6, 996 P.2d at 937.

[12] Id., ¶ 7-8, 996 P.2d at 937 (citing Orrick Stone Co. v. Jeffries, 1971 OK 116, 488 P.2d 1243; Depue v. Barsh Truck Lines, 1972 OK 5, 493 P.2d 80; City of Frederick v. Elmore, 1978 OK 160, 587 P.2d 1365; Zebco Motorguide v. Briggs, 1994 OK CIV APP 60, 881 P.2d 103).

[13] Id., ¶ 9, 996 P.2d at 937.

[14] Id.

[15] Armstrong, 2002 OK 17, ¶¶ 2-3, 43 P.3d at 384.

[16] Id., ¶ 11, 43 P.3d at 385-86.

[17] Transcript of Proceedings at 6-7 (Mar. 24, 2014). Loyd testified at the hearing on March 24, 2014, that Dr. Moorad informed him sometime in February of 2014 that Employer was no longer paying for Loyd's visits, so he would no longer be able to treat him. Id.

[18] See 85 O.S. 2001 § 28.

[19] Gillum, 1989 OK 86, ¶ 10, 774 P.2d at 1067 (citing 85 O.S. 1981 § 28).

[20] See Id., ¶ 19, 774 P.2d at 1069.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1989 OK CIV APP 34, 776 P.2d 569, 60 OBJ 1969, Bagley v. Big E Industries
Discussed
 1994 OK CIV APP 60, 881 P.2d 103, Zebco Motorguide v. Briggs
Discussed
 2011 OK CIV APP 20, 249 P.3d 99, OKLAHOMA NATURAL GAS, INC. v. MESSER
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 86, 774 P.2d 1063, 60 OBJ 1468, Bill Hodges Truck Co. v. Gillum
Discussed at Length
 2002 OK 17, 43 P.3d 383, 73 OBJ 899, ARMSTRONG v. UNIT DRILLING
Discussed at Length
 1971 OK 116, 488 P.2d 1243, 42 OBJ 2399, ORRICK STONE COMPANY v. JEFFRIES
Discussed
 1972 OK 5, 493 P.2d 80, DEPUE v. BARSH TRUCK LINES
Discussed
 2012 OK 30, 276 P.3d 1013, TRIAD TRANSPORT INC. v. WYNNE
Discussed
 1980 OK 48, 609 P.2d 777, Lee Way Motor Freight, Inc. v. Wilson
Discussed
 2015 OK 32, 350 P.3d 138, BENEFIEL v. BOULTON
Discussed
 1978 OK 160, 587 P.2d 1365, CITY OF FREDERICK v. ELMORE
Discussed
 2000 OK 12, 996 P.2d 935, 71 OBJ 552, Pitchford v. Jim Powell Dozer, Inc.
Discussed at Length
 1998 OK 24, 956 P.2d 887, 69 OBJ 1172, MILLER v. MILLER
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 28, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed at Length
 85 O.S. 41, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed at Length
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 400, Dissolution of the Workers' Compensation Court
Cited