CHAMPION INTERNATIONAL and Aetna Life & Casualty Company, Petitioners,

v.

David NICHOLES and The Workers' Compensation Court, Respondents.

No. 70822.

Court of Appeals of Oklahoma, Division No. 1.

April 18, 1989.

Edward E. Davies, Tulsa, for petitioners.

Jamie Pitts, Oklahoma City, for respondents.

## MEMORANDUM OPINION

PATRICIA DOUGHERTY
MacGUIGAN, Judge:

Claimant sustained an accidental injury arising out of and in the course of his employment with Respondent on or about August 14, 1984. Claimant and Respondent agreed to a settlement, and a joint-petition settlement was presented to the court and approved. A Form 19 and an affidavit on behalf of Terry L. Nissan, Ph.D. (Nissan) were filed thereafter. The trial court issued an order denying the Form 19 holding that Nissan is not a physician as defined by 85 O.S.Supp.1986 § 14. Claimant thereafter filed an appeal to the court *en banc* and said court vacated the trial court's order holding it was contrary to law. The *en banc* court ordered Respondent or its insurance carrier to pay Nissan the sum of $1,425.00 "as reasonable and necessary medical expenses." This appeal resulted.

Respondent argues that a psychologist holding a Ph.D. degree is not a physician within the terms and meaning of 85 O.S.Supp.1986 § 14. Said § 14 defines a physician:

D. The term "physician" as used in this section shall mean any person licensed in Oklahoma as a medical doctor, chiropractor, chiropodist, dentist, osteopathic physician or optometrist.

However, § 14 also states in pertinent part:

A. The employer shall promptly provide for an injured employee such medical, surgical, or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary after the injury.

Therefore, the medical care contemplated by § 14(A) clearly is not limited to that provided by a physician as defined in subsection D. To limit § 14 to those enumerated health care providers listed in D would deny care by ambulance services, physical therapists, and other recognized medical care providers. The statutes must be construed to give meaning to each portion thereof. *Anderson v. O'Donoghue,* 677 P.2d 648 (Okl.1983). Rule 24 of the Rules of the Workers' Compensation Court also sets out who may provide evidence in a Form 19 hearing. This evidence may be presented by any "person, partnership, corporation or institution which is seeking to recover for health services." Accordingly, neither 85 O.S.Supp.1986 § 14(A) nor Rule 24 contemplates limiting available medical treatment to that provided by physicians as defined by 85 O.S. § 14(D). We therefore conclude that the court *en banc*'s conclusion was correct and the medical services provided by Nissan were within the meaning of the medical care set out in 85 O.S. Supp.1986 § 14(A).

Respondent further argues that there is no competent evidence to support the court *en banc*'s finding that the services of the psychologist were reasonable and necessary. The Workers' Compensation Court sitting *en banc* may review or modify a decision of the trial judge if it determines that such decision was against the clear weight of the evidence or contrary to

law. 85 O.S.1981 § 3.6. The three-judge panel determined that the order of the trial court which held that Nissan was not a physician under § 14 was contrary to law and vacated that order. The panel went on to hold that the $1,425.00 bill of Nissan represented reasonable and necessary medical service. That finding may not be disturbed by this Court unless there was no competent evidence to support it. By the terms of Rule 24 of the Rules of Workers' Compensation Court, Nissan was competent to present a report as to medical charges and such report provided competent evidence upon which the panel could base its finding. We therefore hold that the record contains competent evidence by which the panel determined that Nissan's charges were reasonable and necessary.

*Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

Claimant urges that this appeal is frivolous and without merit and therefore requests this Court to assess attorney fees against Respondent. We decline to do so and determine that each party should be responsible for their own attorney fees on appeal.

ORDER SUSTAINED.

HUNTER, P.J., and HANSEN, J., concur.