2003 OK CIV APP 72

**WILSON PAVING, INC., and National American Insurance, Petitioners,**

v.

**Brian Todd ABERNATHY, and The Workers Compensation Court, Respondents.**

**No. 98,152.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 1, 2003.

Paul V. McGivern, Jr., J. Heath Lofton, McGivern, Gilliard & Curthoys, Tulsa, OK, for Petitioner.

Greg Barnard, The Bell Law Firm, Norman, OK, for Respondent.

BAY MITCHELL, Presiding Judge:

¶1 Wilson Paving, Inc. and National American Insurance, Petitioners or collectively, "Employer", seek review of a panel-approved order awarding permanent total disability benefits, continuing medical maintenance, and attendant home care to Brian Todd Abernathy, Respondent or "Claimant." Claimant sustained an on-the-job injury to multiple body parts and had resulting depression and memory loss. Most significantly, Claimant's injury caused brain damage which made him unable to function independently. Employer proposed placing Claimant in the Oklahoma Neurorestorative Center, a rehabilitation facility highly specialized in the rehabilitation of patients who have suffered traumatic brain injuries. Claimant's parents, acting as his legal guardian, objected to such placement because Claimant might hurt himself or others and they feared the potential use of medication as a means to control Claimant in such a facility. His parents asked to be reimbursed for their day-to-day care of Claimant. They alternated working outside the home or worked on a part-time basis so that one of them could be at home with Claimant.

¶2 At trial, Claimant was awarded permanent total disability (PTD) benefits and an award for disfigurement. In conjunction with the award, the trial court ordered:

THAT based upon consideration of the testimony and other evidence in connection with the attendant care issues, the Court finds that the parents and legal guardians of claimant should be reimbursed at the rate of $9.00 per hour for 10 hours per day, seven days per week, for a total of $630.00 per week. The Court finds that this reimbursement should be applied for all attend-

ant care rendered claimant to date and continuing into the future until such time as attendant home care is no longer feasible or practical (at which time the legal guardians may petition this court for a modification of the attendant care arrangements). Respondent shall pay the parents the difference between the weekly rates of $400.00 paid and $630.00 due through March 25, 1998. Thereafter, respondent shall pay at the weekly rate of $630.00 to date and continuing.

¶ 3 Employer contends the trial court exceeded its authority in ordering Employer to reimburse the parents of Claimant for "attendant care", contending it is non-technical, non-medical, and akin to household duties. Further, if attendant care is allowed, Employer should only be obligated to reimburse for those reasonable services provided by a trained health care worker. Employer also contends that as an injured party, Claimant has the obligation to mitigate his damages by undergoing medical treatment as necessary, here, at a neurological rehabilitation facility.

¶ 4 Workers' compensation benefits are purely determined by statute. Employer's contention that the trial court acted outside its authority in awarding compensation is one requiring statutory interpretation. This is a question of law which we will review *de novo*. *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶ 6, 16 P.3d 1120, 1122–23.

■ ¶ 5 Title 85 O.S.2001 § 14(A)(1) (since amended) provides:

The employer shall promptly provide for an injured employee such medical, surgical or *other attendance* or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary after the injury. The attending physician shall supply the injured employee and the employer with a full examining report of injuries found at the time of examination and proposed treatment, this report to be supplied within seven (7) days after the examination; also, at the conclusion of the treatment the attending physician shall supply a full report of the treatment to the employer of the injured employee. (emphasis added).

¶ 6 Claimant relies on *Champion Int'l. v. Nicholes,* 1989 OK CIV APP 23, 773 P.2d 376, to interpret "other attendance" as care from other than a licensed physician. In *Champion,* the Court held that a psychologist holding a Ph.D. degree provided "medical care" that was required to be paid for by claimant's employer, even though psychologist was not a "physician" as defined in the workers' compensation statutes. In *Orrick Stone Co. v. Jeffries,* 1971 OK 116, 488 P.2d 1243, the Court found that in-home nursing care needed by the quadriplegic claimant was medical treatment, attendance and nursing service, etc., within the meaning of 85 O.S. § 14.

¶ 7 Here, Claimant's parents provide the care that would otherwise be provided by an in-home nurse. We decline to interpret the statute so narrowly that it would limit "other attendance" to *licensed* health care providers. If a non-nurse, especially a parent or other family member, is capable and willing to provide home nursing care then that should be acceptable and, in our view, is contemplated by the statute. "[O]ther attendance" is not defined in or limited by the statute. This implies an understanding that the spectrum of care needed by injured employees is probably as varied as the injuries employees receive. As long as the care being provided is equivalent to some type of medical or health care it should make no difference that a parent is the care provider. Therefore, compensation for such care, whether by parents, guardians, or medical personnel, is proper. The Compensation Court's conclusion was correct and the services provided by Claimant's parents are within the meaning of the medical care set out in 85 O.S.2001 § 14(A) (since amended).

■ ¶ 8 Employer also contends that if it is decided that parents may be the providers of "attendant care", then the court erred in awarding reimbursement to Claimant's parents because they were merely performing "household duties". We disagree. There was expert testimony that Claimant needed a "personal care attendant" for ten hours per day which would cost from $9 to $32 per hour. The award for the parents was for ten hours per day at $9.00 per hour. This award

is supported by the necessary competent evidence.

¶ 9 Employer next asserts that Claimant, by not agreeing to be a patient at the Oklahoma Neurorestorative Center, failed to take reasonable steps to mitigate his damages. The Compensation Court's order analogized this to a claimant who refuses a surgical recommendation. *Kerr–McGee Corporation v. State Industrial Court,* 1970 OK 158, 474 P.2d 411, 413, teaches that just as an employer has a duty to provide prompt medical, surgical, and hospital and other services and treatment, the injured employee has a correlative duty to avail himself of such reasonable remedial measures as are within his power and to use ordinary care to avoid aggravating the injury. Regarding an employer-proposed surgery which the claimant has declined, the employer must establish that the proposed surgery is safe and reasonably certain to alleviate the condition. *Texas–Oklahoma Express v. Best,* 1978 OK 42, 576 P.2d 1177, 1180. In the instant case, while it is probably safe, there is no evidence of a reasonable likelihood that Claimant's condition will improve or that he will benefit from a stay at the Oklahoma Neurorestorative Center. The Court's decision will not be disturbed.

¶ 10 The decision of the Workers Compensation Court Three–Judge Review Panel is sustained in all respects.

¶ 11 SUSTAINED.

HANSEN and JONES, JJ., concur.